W. H. SAMS v. B. E. BINNS, *as Assignee of George W. Angell.*

CHATTEL MORTGAGE; *Assignment; Claim on Mortgaged Property.* If a person holding a claim secured by a chattel mortgage against one who has made a voluntary assignment, merely proves up his claim, and does not obtain from the assignee an order making the claim a first lien on the property, it is not a valid objection or exception to his discharge that the assignee has only paid upon the claim allowed its *pro rata* share of the proceeds of the estate.

*Error from Chautauqua District Court.*

DECEMBER 27, 1882, George W. Angell made a voluntary assignment of his property for the benefit of creditors. *B. E. Binns* became his assignee. On November 26, 1883, Binns, as such assignee, made his application to be discharged from his trust, and in his application stated, under oath, that the receipts from the estate were $388.69; that he had adjudicated all claims that had been presented, amounting to $1,023.77; that he had paid 25 per cent. of said claims, amounting to the sum of $255.94; that he had paid expenses of $132.75; that there were no appeals taken or pending from the proceedings before him. The assignee therefore asked that his final report be approved, his proceedings adjudged valid, and that he be discharged from the duties of assignee. Among the claims examined and approved by the assignee was one of W. H. Sams, amounting to $222.66. The amount of money paid to W. H. Sams thereon was $55.67. It appears from the record, that on October 7, 1882, Ida M. Angell and her husband, George W. Angell, executed to W. H. Sams their note for $250, and to secure said note, at the same time executed a chattel mortgage on a certain stock of groceries in their possession. At the time of the application of Binns to be discharged from his trust, W. H. Sams, the mortgagee, excepted to the report of the assignee, and alleged as his grounds of exception thereto, that on October 7, 1882, the assignor and his wife, Ida M. Angell, were engaged in a mercantile business in the city of Sedan, in said county of Chautauqua and state of Kansas, and in default of payment of their bills as they became due and payable, were upon the eve of being closed up by the creditors, and to avoid this, and enable them to continue in their business, the plaintiff loaned them the sum of $200 for the period of one year, taking their note therefor; that said assignor and his wife executed and delivered to said Sams a chattel mortgage upon their stock of goods; that this mortgage was filed for record on October 9, 1882; that at the time the mortgage was made out, the parties were living together,

and doing business, as they represented, together; that after the assignee had taken possession of the goods, said Sams placed a copy of his mortgage in the hands of an officer, and went where the property was, and took possession thereof; that thereupon, the assignee promised and agreed with said Sams that if the latter would allow him to regain possession of the mortgaged property, he would dispose of the same under the assignment, and recognize Sams as a preferred creditor; that he would pay his claim first, to the exclusion of all others; that the property assigned by Angell to Binns is the same identical property covered by the mortgage, and that the wife is irresponsible and worthless; that he proved up his claim, relying upon the promise of the assignee to pay the mortgage; that the assignee sold the mortgaged property and refused to pay any part thereof, but insisted that said Sams take his *pro rata* share with the other unsecured creditors: therefore, he asked that the court refuse to adjudge the acts of the assignee valid, and to require him to pay him the amount of his mortgage. Subsequently, Binns, as assignee, moved the court to dismiss the exceptions of W. H. Sams filed in the case. At the March Term of the court for 1884, the motion to dismiss the exceptions was sustained, and thereupon *B. E. Binns* was discharged from further duty or obligation under the assignment. He was also allowed for his services the sum of $33.35, and *W. H. Sams* was adjudged to pay the costs of the continuance of the case at the prior term of the court, and also the costs made by filing his exceptions and the motion to dismiss the same. He excepted, and now brings the case here.

*W. P. Hackney,* for plaintiff in error.

*J. Milton,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff in error has mistaken his remedy. He did not present to the defendant in error, as assignee, his chattel mortgage securing his claim at the time and place designated by the assignee for adjusting and allowing

demands against the estate.    He seems to have contented himself with merely proving up his note before the assignee, and obtaining an allowance of the same and his *pro rata* share thereof, relying upon the verbal promise of the assignee to pay his claim as a first or prior lien.    If he had presented his chattel mortgage at the time his demand was allowed, he could then have obtained an order making his claim a first lien. (Comp. Laws of 1879, ch. 6, §§ 21, 22, 23.)    If the assignee had decided against the priority of his chattel mortgage, he could then have appealed from his decision to the district court.

Again, plaintiff in error might have retained in his possession the property described in the chattel mortgage, and satisfied his claim by a sale of the goods as permitted by the statute. (Comp. Laws of 1879, ch. 68, § 17.)    At the time that the assignee presented his application for a discharge from his duties, all of the claims examined and approved by him had been paid their *pro rata* share from the proceeds of the sale of the property of the estate.    The exceptions as filed by the plaintiff in error to his discharge were properly ignored by the district court.    If the assignee obtained the mortgaged property from the possession of the plaintiff in error upon the agreement to pay him his claim in full, and has failed so to do, his remedy is other than by filing objections to his discharge.

The judgment of the district court will be affirmed.

All the Justices concurring.