# Morris *v.* Glenn.

*Action by Trustee under appointment by Foreign Chancery Court, against Subscriber for Stock in Private Corporation.*

1. *Liability of stockholders; by what law determined.*—The liability of stockholders in a private corporation, or subscribers for stock prior to the organization of the company, is governed by the law of the State by which the charter is granted, as if incorporated in the subscription as a part thereof.

2. *Transfer of stock; liability of transferror, under statutes of Virginia.* Under the statutes of Virginia, as proved in this case, a transferror or assignor of stock in a private corporation, which has not been fully paid for, is liable equally with the assignee for the unpaid part of the stock, at the instance of creditors, and may be proceeded against in the same manner.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action, like the one preceding, was brought by John Glenn, as trustee under appointment of the Chancery Court of Richmond, Virginia, to recover of the defendant fifty per cent. of his subscription for the shares of stock in the Virginia corporation represented by the plaintiff, as assessed and called for by the decree of that court; and was commenced on the 19th November, 1886. The pleadings were, in substance, the same as in the other cases; and the evidence adduced on the trial was also the same, consisting of the original subscription list for stock in the National Express Company, on which the defendant's name appeared as a subscriber for ten shares of $100 each, the proceedings and decree in the chancery suit in Virginia, and several statutes of Virginia in force at the time the subscriptions were made. The "Stock Book" of the corporation, offered in evidence also

VOL. LXXXVII.

[Morris v. Glenn.]

by the plaintiff, showed that the certificate of stock issued to the defendant on the 12th March, 1866, "had been surrendered by him to the company, duly transferred and indorsed to W. C. Jackson, on the 12th March, 1866, and that a certificate for said ten shares was on that day issued to said Jackson;" and the plaintiff's evidence tended to show, also, that the defendant had paid the thirty per-cent. assessment called for by the decree of December 14th, 1880, but under protest and a denial of his liability. The defendant, testifying as a witness on his own behalf, admitted his subscription, his receipt of a certificate for his shares, its transfer to W. C. Jackson, as stated, and his payment of the thirty per-cent. assessment to plaintiff's attorney on demand; and he further testified, "that from the time of his transfer of said certificate to said Jackson, up to the demand made on him by plaintiff's said attorney, he had never heard of the stock; that he denied all liability on account of said stock, when approached by said attorney, but, being threatened with suit, agreed to pay said assessment to avoid the trouble and worry of a lawsuit;" that he finally accepted a receipt, which was in settlement of his liability on that assessment only; "and that he had never in any way, since said transfer in March, 1866, recognized or admitted any liability on account of said stock." The statutes of Virginia in force at the time of these subscriptions for stock, as offered in evidence, contained a provision in these words: "No stock shall be assigned on the books of the company, without the consent of the company, until all the money which has become payable thereon shall have been paid; and on any assignment the assignor and assignee shall each be liable for any installment which may have accrued, or which may thereafter accrue, and may be proceeded against in the manner before provided." This being "substantially all the evidence," the court charged the jury, on request of the plaintiff in writing, "that they should find a verdict for the plaintiff, if they believed all the evidence." The defendant excepted to this charge, and he here assigns it as error, with other rulings on the pleadings and evidence, which require no special notice.

TROY, TOMPKINS & LONDON, for appellant.—The prescription of twenty years was specially pleaded in this case, and was a complete defense to the action. The prescription is to be determined by the *lex fori,* and the statutes of Virginia do not affect the question.—*Matthews v. McDade,* 72 Ala.

[Morris v. Glenn.]

377.  The partial payment made by the defendant, was simply a purchase of his peace, which does not affect his liability.—*Crawford v. McLeod*, 64 Ala. 240.  The sufficiency and effect of the evidence as to this payment, if doubtful, should have been submitted to the jury.

W. S. THORINGTON, *contra*, cited the Virginia statutes set out in the record; also, *Canada Southern Railroad v. Gebhard*, S. C. Reporter, vol. 3, pt. 7, p. 363; *Glenn v. Busby*, Cent. Reporter, vol. 4, No. 10, p. 609; *McKim v. Glenn*, 66 Md. 479; *Glenn v. Scott*, 28 Fed. Rep. 804.

SOMERVILLE, J.—All the assignments of error in this case, except a single one, will be overruled, on the authority of *Lehman, Durr & Co. v. Glenn*, and *Semple v. Glenn*, decided at the present term.

One other question is raised, by reason of the fact that the appellant, Morris, is shown to have accepted and transferred his certificate of stock, prior to the time the assessment here sued for was made by order of the Chancery Court of Richmond, Virginia, on March 26th, 1886.  This transfer did not discharge his liability to be further assessed, by reason of the provisions of the Virginia statute.  The corporation being organized in that State, the subscriptions of stockholders must be held to have reference to the laws of Virginia, as fully as if these laws were a part of the subscription.—2 Morawetz Corp. (2d Ed.), § 874; *McDonnell v. Ala. Gold Life Ins. Co.*, 85 Ala. 401.

The Virginia statute provides, that "No stock will be assigned on the books without the consent of the company, until all the money which has become payable thereon shall have been paid; and in any assignment, the assignee and *assignor shall each be liable* for any installments which may have accrued, or *which may thereafter accrue*, and may be proceeded against in the manner before provided," by action or motion.—Code of Va. (1849; 1860; 1873), Ch. 57, § 26.

The precise point arose in *McKim v. Glenn*, 66 Md. 476, and again in *Glenn v. Scott*, 28 Fed. Rep, 804, decided by the United States Circuit Court of the Western District of Virginia, in September, 1886; and in each case, the statute was construed to continue in effect the liability of a transferror of stock, just as if no transfer had been made.

The judgment is affirmed.