Speak, J.
Did the amended petition state a case is the question before us, the ultimate question being can a creditor of an insolvent Kansas corporation maintain an action in Ohio, against a citizen of this state, to enforce statutory liability against him as a stockholder in a Kansas corporation?
Against such liability, and against the judgment of the circuit court, it is insisted that the provision of the Kansas constitution is not self-enforcing; that the legislation pleaded creates no liability, and that the Supreme Court of Kansas has not in fact passed upon the question as to whether or not the liability exists. Hence this court is at liberty to determine the matter by its own rules of interpretation, and this must lead to the result that no liability does exist.
The constitutional provision is given in the statement, but for perspicuity it is here repeated: “Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law.” It may be conceded that this constitutional provision, standing alone, is not sufficient; it is not self-executing. This conclusion is in consonance with the rules of construction generally adopted and is distinctly held by the Supreme Court of Kansas in Woodworth v. Bowles, 61 Kansas, 569. It does not follow, however, that the provision is to be ignored. It is not improper to consider it in connection with the statutes of that state upon the subject. It may be con *335 ceded, further, that the language of the Kansas statutes respecting the liability of stockholders is not as direct as it might have been made, and much is claimed against the provision for liability by reason of the peculiar phraseology. But the question, in arriving at the proper construction is, what did the legislature mean by the language that is used? One provision, adopted in 1868, is that “no stockholder shall be liable to pay debts of a corporation beyond the amount due on his stock and an additional amount equal to the stock owned by him.” The act further provides that “if any corporation, created under this or any other general statute of this state, except railway or charitable or religious corporations, be dissolved, leaving debts unpaid, suit may be brought against any person or persons who are stockholders at the time of such dissolution, without joining the corporation in such suit.” Another provision, enacted in 1883, is to the effect that “any corporation shall be deemed to be dissolved for the purpose of enabling creditors of such corporation to prosecute suits against the stockholders thereof and enforce their individual liability, if it be shown that such corporation has suspended business fot more than one year.”
Giving effect to the duty imposed upon the legislature by the imperative mandate of the constitution,, “dues shall be secured,” etc., how can it be supposed that the statutes enacted by the legislature upon the subject, and to which reference has been made, had any other purpose than to comply with this requirement, and can it be seriously doubted that that body intended by its legislation to make the provision which the constitution thus enjoins? We think not; and however inartificial the language of the section *336 of the statute first referred to, it seems to us clear that, being guided by the usual canons of construction, the reasonable conclusion is that, taking the entire legislation together, there is sufficient provision of law to establish the liability of the stockholder. But if there remain doubt about this, such doubt would be effectually removed by the holding of the Supreme Court of that state, pleaded in the petition, and found in the following decided cases, viz: Howell v. Manglesdorf, 33 Kan. 199; Wells v. Robb, 43 Kan., 201; Abbey v. Dry Goods Company, 44 Kan., 415; Ball v. Reese, 58 Kan., 614; Woodwort v Bowles, 61 Kan., 569. True, the holding of the court is not in direct, affirmative terms, but the judgments rendered are based upon the premise that the liability does exist, and would not have been rendered but for such condition.
Having thus ascertained that the liability of the defendant stockholder is fixed by the law of Kansas, we come to the question whether such liability may be enforced in the courts of Ohio. It is insisted by counsel for plaintiff in error that the obligation is purely statutory, if it exists at all; that it is in reality a penalty and a penalty only, and if so, would, as matter of course, not be enforceable outside the limits of the state of Kansas. This latter proposition may be conceded. But is the obligation purely statutory, and is the liability in the nature of a penalty? A penalty of a character which will not be enforced outside the jurisdiction, implies some wrong done and that the money claimed is compensation, or by way of punishment. An instance of this character is found in Diversey v. Smith, 103 Ill., 378. The statute declares that a corporation shall not transact business until certain specified things have *337 been done, and if it does so in violation of the statute, the trustees and corporators shall be liable in a specified amount, and this was held a penalty; but the distinction is clear between such an obligation and one where the liability is primary, or is based on contract. No fact appears in the present case to show that the stockholder has violated any statute or committed any wrong, and the wrong of the corporation is not the violation of any positive, duty enjoined by law, but the failure to make a success of its business. Upon principle it seems clear that the demand is not for a penalty. And this conclusion is supported by abundant authority. Aultman’s Appeal, 98 Pa. St., 505; Bank v. Mining Co., 42 Minn., 327; Flash v. Conn, 16 Fla., 428; Lowry v. Inman, 46 N. Y., 119; Cuykendall v. Miles, 10 Fed. Rep., 342; Bagley v. Tyler, 43 Mo. App., 195; Bank v. Rindge, 57 Fed. Rep., 279; Crippen v. Laighton, 69 N. H., 540; Kirtley v. Holmes, 107 Fed. Rep., 1. What, then, is the nature of the stockholder’s liability? Is it wholly statutory, resting entirely on the peculiar-provisions of the Kansas statute, or is there another element which enters into the obligation? It may be conceded that it is not supported by any rule of the common law, but this does not end the inquiry. The charter of this banking corporation — that is the statute — provided that the stockholders should be liable individually to creditors upon the arising of . certain contingencies. Knowing this the stockholders became such with full knowledge, not only that they were thus stipulating for this liability, but with the knowledge that persons giving credit to the corporation would do so, and would rightfully give it, upon the faith of the personal liability of the stockholders. *338 It was an offer to become liable on tbe part of tbe stockholders, accepted by the creditor when the credit was given and thus became a contract, made, it is true, not directly with the creditor, rather with the corporation perhaps, but one which was for the benefit of creditors, and to which, upon well settled principles in this state, (Emmitt v. Brophy, 42 Ohio St., 82,) the creditors would have the right to resort in case the corporation itself should fail to respond. Brown v. Hitchcock, 36 Ohio St., 678; Corning v. McCullough, 1 Comst., 47. The provision of the statute does not create the liability; it is merely a legislative requirement that whoever becomes a stockholder shall at the same time assume an individual liability to the creditor; it is to declare the legal effect of the acts of the parties, which enable them to contract in a manner not authorized at common law. It was thus, as it seems to us, on principle, in the nature of a guaranty. But whether so or not the question has been settled by the decisions of the Supreme Court of Kansas. It is held by that court that the liability of a stockholder is a contractual liability, and arises from the contract of subscription to the capital stock, and that in so subscribing and becoming a stockholder, he thereby guarantees payment to the creditors of an amount equal to the par value of the stock owned by him. It is further held by that court that this liability is several; that it should be payable to the judgment creditor who first brings action, and that such action is transitory and may be brought wherever personal service can be made upon the stockholder. These facts are alleged in the petition, and the allegations are supported by the decisions heretofore cited. See, also, Morawetz on Priv. Corps., section 870, and Cook on Stock, etc., *339 section 223. And the construction thus given to the constitution and statutes of Kansas would be binding upon this court even though we did not agree with the interpretation there given on principle. It being thus determined that the liability is contractual, that it is several, and that the creditor first bringing action obtains a prior lien with which other creditors may not interfere, we see no reason why it cannot be enforced against the stockholder individually in Ohio, by action against him alone. True, our method of enforcing the liability of stockholders is by a proceeding in the nature of a suit in equity which contemplates the bringing in of the corporation, of all the creditors, and of all the stockholders, and a decree which will adjust and finally settle the rights and liabilities of the parties. This is made practicable because the corporation is a creature of our law, the stockholders principally residents of the state, and a multiplicity of suits may thus be avoided. But our courts have no jurisdiction to adjudicate the affairs of a foreign corporation, and any attempt to wind up its business by a comprehensive decree in our courts would be futile. Whether, where it is shown that there are other stockholders residing in Ohio, the plaintiff might, properly make them parties, and maintain a suit against all that might be served, we need not inquire, for no such fact appears in the present case. However that may be, we think it cannot be said that the Kansas statutes are at variance with our legislation upon any matter of principle, or with the public policy of the state. The right to maintain the action here does not depend upon the exercise of comity; it rests wholly .on the duty of the Ohio courts to enforce a contract voluntarily entered into in another state *340 and made legal by the laws of that state. And, as observed by Williams, J., in Heaton v. Eldridge, 56 Ohio St., 97: “The law of a state or country where a contract is executed and is to be performed, enters into and becomes a part of the contract in the sense that its validity and obligatory effect are to be determined and controlled by that law; and when valid there, the contract will be sustained everywhere, and accorded the interpretation required by the law of the place where made, when the law is properly brought to the attention of the court, unless the contract is against good morals or contravenes a settled policy of the state or country in whose tribunals its enforcement is sought”
We are aware that this ground of action is not favored by the courts of several of the states, notably those of New Hampshire, New York and West Virginia, the holding being that the liability is wholly statutory and opposed to the policy of these states. Grippen v. Leighton, supra; Marshall v. Sherman, 148 N. Y., 9; Nimick v. Iron Works, 25 W. Va., 184. On the other hand the right to such remedy is maintained by the Supreme Court of Massachusetts and Illinois, in late decisions, although earlier decisions of the same courts denied them. Bank v. Ellis, 166 Mass., 414; Bell v. Farwell, 176 Ill., 489. Also by the courts of Alabama (Morris v. Glenn, 87 Ala., 628), of California (Ferguson v. Sherman, 116 Cal., 169), of Michigan (Bank v. Lawrence, 117 Mich., 669), and of Missouri, (Guerney v. Moore, 131 Mo., 650). Federal decisions are to like effect. McVickar v. Jones, 70 Fed., 754; Flash v. Conn, 109 U. S., 371. See, also, Morawetz, section 875.
*341 We think the amended petition states a ease, and •the judgment of the circuit court overruling the dedemurrer will he

Affirmed.

Minshall, C. J., Williams, Burket, Davis and Shauck, JJ., concur.