HOBART, Receiver, etc., v. JOHNSON.

*(Circuit Court, S. D. New York. June 30, 1881.)*

1. NATIONAL BANKS—ACT OF 1864, § 12—NATURE OF SHAREHOLDER'S LIABILITY.
   The liability which shareholders in national banks incur under section 12 of the act of 1864, which provides for a liability " to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares," is that of principals, not of sureties.

2. NATURE OF LIABILITY OF SHAREHOLDERS IN NATIONAL BANKS—REV. ST. NEW JERSEY, (1874,) p. 469, § 5—MARRIED WOMEN.
   Such a liability is not one on a " promise to pay the debt, or answer for the default or liability, of any other person," within the meaning of the proviso to section 5 of the Revised Statutes of New Jersey of 1874, p. 469.

3. ESTOPPEL.
   On the principle of estoppel, one cannot take advantage of certain statutory provisions without incurring thereby the attendant liabilities.

*John H. Knox,* for plaintiff.

*Joseph H. Choate,* for defendant.

BLATCHFORD, C. J. The complaint alleges that the First National Bank of Newark, located in Newark, New Jersey, was duly organized as a bank under the act of June 3, 1864, (13 St. at Large, 99;) that on the fourteenth of June, 1880, it became insolvent; that the plaintiff was appointed its receiver; that its assets were insufficient to pay its debts; that the comptroller of the currency, under section 12 of said act, has ordered and made an assessment on the shareholders of said bank, "equally and ratably, to the amount of 100 per centum of the par value of the shares of the capital stock of the said association held or owned by them, respectively, at the time of its failure or suspension," and has ordered the plaintiff to institute suits to enforce

against each shareholder his personal liability, as such, to said extent; that the defendant was, at the time of said suspension and failure of said bank, a shareholder of its capital stock to the amount of 12 shares, of the par value of $100 per share, and held, or was entitled to hold, in her possession or control, the usual stock certificate as such shareholder; and that, therefore, the defendant is liable to the plaintiff for $1,200, with interest from July 14, 1880, the date of the order of assessment.

The defendant has put in an answer to the complaint. One of the separate defences set up in the answer is that the defendant, in December, 1852, became and ever since has been, and still is, the wife of Henry W. Johnson, who, at the time of the commencement of this action, was, and still is, a resident and citizen of the state of New York; that the said 12 shares were purchased by her, through her duly-constituted agent, in the state of New Jersey, while she was such married woman, and the certificate therefor was delivered to her said agent within that state; and that she never became or was the owner of any of the shares of the said bank otherwise than in the manner above stated. To that defence the plaintiff demurs, on the ground that it is insufficient in law upon the face thereof.

It is provided by section 12 of said act of 1864—

"That the capital stock of any association formed under this act shall be divided into shares of $100 each, and be deemed personal property and transferable on the books of the association, in such manner as may be prescribed in the by-laws or articles of association; and every person becoming a shareholder by such transfer shall, in proportion to his shares, succeed to all the rights and liabilities of the prior holder of such shares. * * * The shareholders of each association formed under the provisions of this act * * * shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

It is provided by the act of the legislature of the state of New Jersey, approved March 27, 1874, (Rev. St. New Jersey of 1874, p. 469, § 5,)—

"That any married woman shall, after the passing of this act, have the right to bind herself by contract in the same manner and to the same extent as though she were unmarried, and which contracts shall be legal and obligatory, and may be enforced at law or in equity by or against such married woman, in her own name. apart from her husband: provided, that nothing herein shall enable such married woman to become an accommodation indorser, guarantor. or surety, nor shall she be liable on any promise to pay the debt, or answer for the default or liability, of any other person."

It is admitted that this New Jersey statute took effect before the defendant became the owner of the shares in question, although the date when she became such owner is not set forth in the answer. It is contended for the defendant that the liability created by the act of congress is in the nature of a liability of suretyship, and that this suit is one to enforce a promise or undertaking to pay the debt of another, and is, therefore, within the proviso of the New Jersey statute, and a recovery cannot be had against the defendant on such promise. This view does not appear to be tenable. The contract made by the shareholder is entered into by the act of becoming a shareholder. Every creditor of the bank, becoming such, becomes, *eo instante,* a creditor of the shareholder in respect to the liability in question. The shareholder becomes thereby a principal debtor. The debt of the bank is his debt at the instant of its creation, and the debt of the bank is referred to only as a measure of the debt of the shareholder. It is true that the payment of the debt of the bank by the bank extinguishes the debt of the shareholder; but the idea of guaranty or suretyship, or of a promise to pay the debt or answer for the liability of another, is altogether destroyed by the fact that the debt of the bank is incurred for the benefit of the shareholders exclusively, and is thus the debt of the shareholder as a principal. The shareholder has no remedy over against the bank or against his co-stockholders. This inherent idea of guaranty or suretyship is wanting. As the case is not within the proviso of the New Jersey statute, that statute makes the defendant liable on her contract.

Moreover, it must be assumed, either that the defendant had a separate estate, or contracted with a view to create, by owning the stock, a separate estate. In either view the contract was for her benefit, as the holder of a separate estate. Under such circumstances, by way of estoppel, she will not be allowed to claim and enjoy, as regards the bank and creditors, and her co-shareholders, the benefit of her position as a shareholder and then repudiate the statutory obligation attached to it. *Mrs. Mathewman's Case,* L. R. 3 Eq. Cases, 781; *In re The Reciprocity Bank,* 22 N. Y. 9; *Nat. Bank* v. *Case,* 99 U. S. 628.

There must be judgment for the plaintiff on the demurrer.