## CUYKENDALL *v.* MILES.

*(Circuit Court, D. Massachusetts.  January 31, 1882.)*

1. CORPORATIONS—STATUTORY LAW—LIABILITY OF CORPORATORS.
    A statute is not penal which provides that all stockholders shall be liable to an amount equal to that of their stock until the whole of the capital stock fixed and limited by the company shall have been paid in, and a certificate thereof shall have been filed.
2. STATE COMITY—ENFORCEMENT OF LIABILITY.
    The rule of state comity applies with full force to the enforcement of the liability of shareholders of corporations.

Action of Contract.  The plaintiff sued as receiver of the Dodge & Stevenson Manufacturing Company, a corporation established under the general laws of New York, having its principal place of business at Auburn, in Cayuga county.  The declaration averred that the whole amount of the capital stock fixed and limited by the company had never been paid in, and no certificate thereof had been made and recorded; that the company carried on business until August 31, 1874, when it was dissolved by resolutions, which are set out; that on June 15, 1876, the plaintiff was duly appointed receiver of the company by an order passed by the supreme court of the state of New York; that the property and assets of the company were insufficient to pay its just debts due within one year from the time they were contracted, and which came due within one year after the dis-

solution; that on the twenty-first of July, 1876, the said supreme court duly passed an order directing the plaintiff to make and collect an assessment upon the stockholders of the company to the amount of 75 per cent. of the amount of stock held by them respectively; that he made such assessment; that the defendant at and before the dissolution held stock to the amount of $4,000; that the debts for which the assessment was laid were contracted while he was a stockholder; and that the assessment upon him was $3,000, which he had not paid, though requested. The defendant demurred.

*F. P. Goulding,* for defendant.

*I. D. Van Duzee,* for plaintiff.

LOWELL, C. J. The assessment sought to be recovered in this action was made under the general law of New York governing manufacturing corporations, as modified in relation to those established in Herkimer and Cayuga counties by later laws. These statutes are construed and passed upon in *Walker* v. *Crain,* 17 Barb. 119; *Story* v. *Furman,* 25 N. Y. 214; *Hurd* v. *Tallman,* 60 Barb. 272; *Cuykendall* v. *Douglass,* 19 Hun. 577; *Re Dodge & Stevenson Manuf'g Co.* 77 N. Y. 101. The last two of these decisions relate to this assessment and maintain its validity. The allegations of the declaration are sufficient to bring the defendant within the class of persons subject to assessment, until he shall show something to the contrary. Supposing this to be so, will an action lie in this court to recover the defendant's share of the assessment?

That the receiver of an insolvent corporation, having powers like those of an assignee in insolvency, may sue in his own name in this court, I cannot doubt. *Hurd* v. *Elizabeth,* 41 N. J. (12 Vroom.) 1; *Ex parte Norwood,* 3 Biss. 504; *Hunt* v. *Jackson,* 5 Blatchf. 349. These are direct decisions. The cases in which such actions have been maintained without objection, and others, in which the most eminent judges, while asserting the superior title of domestic attaching creditors, have said that the action itself was maintainable, are very numerous. *Goodwin* v. *Jones,* 3 Mass. 517, per *Parsons,* C. J.; *May* v. *Breed,* 7 Cush. 15, 42, per *Shaw,* C. J.; *Dunlap* v. *Rogers,* 47 N. H. 281, 287, per *Sargent,* J.; *Hoyt* v. *Thompson,* 5 N. Y. 320, per *Ruggles,* C. J.; S. C. 19 N. Y. 207, 226, per *Comstock,* J.; *Merrick's Estate,* 2 Ashm. 485, *Musselman's Estate,* 5 Watts & S. 9; *Mann* v. *Cooke,* 20 Conn. 178.

As the rule of the common law concerning the assignment of ordinary non-negotiable debts still obtains in Massachusetts, the receiver might be required to sue on such causes of action in the name of the

corporation. *Blane* v. *Drummond*, 1 Brock. 62; *Bird* v. *Pierpoint*, 1 Johns. 118; *Jeffrey* v. *McTaggart*, 6 M. & S. 126. But this demand is one which accrued to the receiver himself in his official capacity.

The supreme court hold that the mode in which a liability of this sort is to be enforced depends entirely upon the particular law governing the corporation. If that law merely provides for a proportionate liability of all stockholders for all debts, there should be a bill in equity for the benefit of all the creditors and against all the stockholders. *Pollard* v. *Bailey*, 20 Wall. 520; *Terry* v. *Tubman*, 92 U. S. 156; *Terry* v. *Little*, 101 U. S. 216. But if the law of the state authorizes an action by one creditor against one stockholder, that remedy may be pursued. *Mills* v. *Scott*, 99 U. S. 25. The decisions in New York, above cited, show that such actions will lie in the courts of that state by the receiver against the several shareholders.

Then, the question is whether such an action can be maintained outside the state of New York. There is a *dictum* of Mr. Justice Clifford that all such statutes are penal, and can only be enforced in the state which passed them. *Steam-engine Co.* v. *Hubbard*, 101 U. S. 188, 192. I agree with the plaintiff's argument that the authorities which the learned judge cites decide that point only in respect to officers of corporations made liable for a neglect of duty. *Halsey* v. *McLean*, 12 Allen, 438; *Derrickson* v. *Smith*, 27 N. J. L. 166; *Sturges* v. *Burton*, 8 Ohio St. 215, etc. Even in such cases the doctrine seems narrow and provincial. If a citizen of Massachusetts assumes the obligations of an officer in a corporation in New York, I see no sound reason for making the courts of Massachusetts a house of refuge from these responsibilities. Still, a law which imposes certain duties upon an officer, and makes him responsible, in case of neglect, for all the debts of a company, without regard to the nature of the default or the amount of the debts, or whether he is a shareholder or is paid for his services, has something penal about it. It was held in one case, and in only one, so far as I know, that where stockholders were made liable to all the debts, if the directors failed to file an annual statement of the company's affairs, the statute was penal, and to be narrowly construed. It was a domestic controversy, and not precisely in point here. *Cable* v. *McCune*, 26 Mo. 371. I have found no case, and counsel have found none, which holds that a liability of shareholders, as such, is penal. The courts of New York have always held such statutes to be remedial, and so have the courts of the other states, so far as I am informed. Thomp-

son, Stockholders, §§ 80–86; *Corning* v. *McCullough*, 1 N. Y. 47; *Carver* v. *Braintree Manuf'g Co.* 2 Story, 432.  See *Crease* v. *Babcock*, 10 Metc. 557.

In the cases cited by the defendant (*Erickson* v. *Nesmith*, 15 Gray, 221; 4 Allen, 233; 46 N. H. 371) the courts of Massachusetts refused to sustain an action at law or a bill in equity against one stockholder of a New Hampshire corporation, and the courts of New Hampshire approved the decision; but the ground was, not that the statute of New Hampshire was penal, but that it provided a specific remedy in behalf of all creditors against all shareholders, and that this remedy could not be conveniently pursued excepting in the domestic forum.  According to the reasoning of those cases, this action may be maintained, for the laws of New York, as we have seen, permit a similar action to be brought.

No one can contend that the assessment of national bank shares may not be enforced wherever shareholders are found.  *Casey* v. *Galli*, 94 U. S. 672.  The technical reason is that the act of congress operates throughout the country, while the laws of New York are local.  But what reason is there, upon principle, why the courts should refuse to enforce the same remedy against the same person for the same liability when the charter happens to be a state charter which has not been turned into a national charter, as it may be at any time by a resolution of the shareholders?

The decisions which bear directly upon the point in controversy are few.  I have found none that deny the exercise of comity on the ground that such a statute is penal, or, indeed, upon any other.  On the contrary, such actions were sustained in the following cases: *Bond* v. *Appleton*, 8 Mass. 472; *Paine* v. *Stewart*, 33 Conn. 516; *Casey* v. *Galli*, 94 U. S. 672; *Sackett's Harbor Bank* v. *Blake*, 3 Rich. Eq. 225; *Ex parte Van Riper*, 20 Wend. 614; *Turnbull* v. *Payson*, 95 U. S. 418.  In the last case the defendant had not paid up his original subscription in full, but the assessment was under a statute which made him liable beyond his capital stock, and does not appear to have been sustained specially on the first ground.

The statute relied on by the plaintiff provides that all stockholders shall be liable to an amount equal to that of their stock, until the whole of the capital stock fixed and limited by the company shall have been paid in and a certificate thereof shall have been filed.  In so far as the law makes shareholders responsible for a neglect of officers to file a certificate, it resembles the case in 26 Mo., above cited; but it differs in the very important circumstances that the lia-

bility is restricted to the amount of stock held by each person, and that the subject-matter is the payment of the capital. This statute should be considered not as penal, but as requiring (as all such laws do and must) the utmost care and good faith in contributing the capital, and as prescribing a certain sort of evidence of the fact, without which the shareholder shall be presumed not to have paid. It does not appear in this case whether the actual default was in the shareholders who had not paid their capital or in the officers who had not certified the payment. If it be the former, no one doubts that the defendant is liable with or without a statute. Even if it be the latter,—which on demurrer I cannot assume to be true,—still it is well known that officers of corporations do neglect the certificate with the knowledge of the shareholders, in order to give the company better credit, and thereby to obtain money and goods at better prices.

I do not feel inclined to extend what I consider the illiberal and narrow rule of comity, or want of it, which stops all remedies at the line of the state. The venerable maxim that he who shares the benefit should share the burden is just, and should not be local in its operation. It applies with full force to shareholders, if not to officers of a corporation who may not even be shareholders, and may act without pay. The cases, as far as they go, point in the same direction.

I ought to notice one further objection, that the assessment appears to have been *ex parte ;* or, at least, that there is no allegation that the defendant had a day in court. If this assessment were to have the effect of a judgment against the defendant there would be great force in this objection, though possibly not controlling force. But I understand that all defences specially applicable to this defendant, such as that he was not a stockholder, etc., are still open to him, and, indeed, perhaps the whole subject may be open. Enough is alleged in the declaration to put him to his defence.

Demurrer overruled.