## POWELL *v.* OREGONIAN RY. CO.

*(Circuit Court, D. Oregon. March 18, 1889.)*

1. CORPORATIONS—STOCKHOLDERS—LIABILITY.

   A judgment against a corporation for the recovery of money is conclusive evidence, in a suit against a stockholder for the collection of said judgment, of the existence of the corporation, and its liability to plaintiff therein, as thereby determined: and such judgment, whether given in an action *ex contractu* or *ex delicto,* is thereafter an indebtedness of the corporation for which a stockholder is liable to the amount due on his stock.

2. LIMITATION OF ACTIONS—RUNNING OF STATUTE.

   In a suit to collect a judgment against an insolvent corporation from a stockholder thereof, the statute does not commence to run against the judgment creditor and in favor of the stockholder until the entry of the judgment.

*(Syllabus by the Court.)*

At Law.

Action by W. S. Powell against the Oregonian Railway Company.

*A. L. Frazer,* for plaintiff.

*Earl C. Bronaugh,* for defendant.

DEADY, J.    This suit is brought to collect from the defendant a judgment obtained by the plaintiff on April 8, 1887, against the Dayton, Sheridan & Grand Ronde Railway Company, for the sum of $5,300.

The defendant is sued as the holder of 1,000 shares of stock of said corporation, since February 27, 1884, on which there is due and unpaid the sum of $39,000; and it is alleged in the bill that these are the only shares of the stock on which anything is due.

The case was before this court on December 8, 1888, (36 Fed. Rep. 726,) on a demurrer to the bill, when it was held that a judgment obtained against an Oregon corporation for permissive waste constituted an "indebtedness" of such corporation, within the purview of article 11, § 3, of the constitution of the state, for which a stockholder therein is liable thereunder to the amount of his unpaid stock.

In *Ladd* v. *Cartwright,* 7 Or. 329, it was held by the supreme court of the state that a creditor of a corporation cannot proceed against a stockholder to subject any unpaid balance on the latter's stock to the payment of his claim in the first instance. But he must exhaust his remedy at law against the corporation, when he may proceed in equity against all the delinquent stockholders, where the rights of all parties may be adjusted in one suit.    See, also, *Patterson* v. *Lynde,* 106 U. S. 519, 1 Sup. Ct. Rep. 432; *Pollard* v. *Bailey,* 20 Wall. 520.

On the overruling of the demurrer, the defendant had leave to answer the bill.    The answer is excepted to for impertinence.    The exceptions include the greater part of the pleading.

In and by the matter excepted to, the defendant alleges in effect: (1) That the Dayton, Sheridan & Grand Ronde Railway Company was dissolved, and not in existence on January 29, 1887, when the action was commenced, in which the judgment sought to be enforced was obtained, and therefore the latter is void.    (2) That the cause of such action was

a claim for damages sounding in tort, and not an "indebtedness" for which a stockholder may be liable to a creditor of the corporation; and (3) that the cause of suit is barred by the lapse of time.

In support of the averment that the judgment is void it is alleged in the answer that on January 8, 1879, the Dayton, Sheridan & Grand Ronde Railway Company being insolvent, the Wallamet Valley Railway Company proposed to purchase its road and property, and that the stockholders of the former corporation, at a meeting thereof held on February 15, 1879, accepted such proposition, and authorized the directors thereof to dispose of the property accordingly, which they did on June 2, 1879; and said stockholders at said meeting also passed a resolution to the effect that, upon the transfer of its road and property being made, to the Wallamet Valley Railway Company, as aforesaid, "this company do stand dissolved."

In the action in which this judgment was obtained the defense was made that the Dayton, Sheridan & Grand Ronde Railway Company was dissolved and non-existent.  But it appears that the trial court ruled otherwise, and on an appeal to the supreme court the ruling was affirmed. *Powell* v. *Railway Co.*, 16 Pac. Rep. 868.  I am unable to see why this is not an adjudication of the question, and one that is binding on this defendant.  The general rule on this subject is that a stockholder is in privity with the corporation, and cannot collaterally question a judgment against it, except for fraud or want of jurisdiction.  Thomp. Liab. Stockh. § 329.  And although it may be that a valid judgment cannot be given against a dissolved or dead corporation any more than against a dead man, yet where the existence of the corporation is put in issue, and contested, and determined in favor of such existence, certainly the stockholder is bound by the result.  It may be that where a judgment is obtained by default against an alleged corporation, which is in fact defunct, and the same is sought to be enforced against a stockholder, he may contest the existence of the corporation as a defense to the suit.

It seems that this question has been decided otherwise, and I may say everywise, in New York; but in *Stephens* v. *Fox*, 83 N. Y. 313, the court of appeals appears to have wheeled into line with the current of judicial decisions, and holds that in a proceeding by a creditor of the corporation against a stockholder thereof, a judgment against the corporation is competent evidence of the plaintiff's *status* as a creditor thereof, and the amount of his claim.  In other words, the judgment not only concludes the corporation on the question of indebtedness to the creditor therein, but also establishes the title of the creditor to succeed to the right of the corporation, namely, to have the balance due on the stock applied on his demand.

But as a matter of fact, the Dayton, Sheridan & Grand Ronde Railway Company does not appear ever to have been dissolved.  True, the stockholders declared that it should "stand dissolved" on a given contingency, which actually happened, namely, the transfer of its road to the Wallamet Valley Railway Company.  But the power of stockholders is limited by the corporation act to the mere authorizing a dissolution; and in and

of themselves they have no such power. Section 3225, Comp. 1887, declares that from the first meeting of the directors of a corporation the powers vested therein are exercised by them, except as otherwise specially provided. Section 3235 (Id.) provides that the stockholders may, by a majority vote of the stock, "authorize the dissolution" of the corporation; but they are not empowered to declare or otherwise accomplish such dissolution. The power of dissolution, when so authorized, like all other powers of the corporation, not otherwise especially vested, belongs to the directors, by whom it must be exercised, if at all. In this case the stockholders appear to have ignored the directors, and, instead of authorizing them to dissolve the corporation, undertook to do it themselves. This act was a nullity; and the dissolution of the corporation, so far as appears, has not yet been even duly authorized, let alone accomplished.

In *Wallamet Falls Co.* v. *Kittridge*, 5 Sawy. 48, it was held by this court that a dissolution of a corporation must be authorized by the stockholders, and declared by the directors, who may do so or not, as they see proper.

It is admitted that this judgment was given in an action for damages sustained by the plaintiff on account of a certain waste suffered or permitted by the Dayton, Sheridan & Grand Ronde Railway Company, while it was the lessee of a warehouse belonging to the plaintiff, and situate at Dayton on the line of its road. But what effect that fact has on the liability of the defendant to contribute what is due on its stock to the satisfaction of this judgment as an "indebtedness" of the corporation is not apparent.

The capital stock of a corporation is a trust fund for the payment or discharge of any liability which in the course of its business it may incur, either *ex contractu* or *ex delicto*. For instance, the Dayton, Sheridan & Grand Ronde Railway Company might, on the happening of this waste, have made a call on its stockholders for the means to discharge such liability, and they would have been bound to respond to the extent of the amount due on their stock, if necessary.

The constitution of the state (article 11, § 3,) declares that the stockholders of a corporation "shall be liable for the indebtedness" thereof "to the amount of their stock subscribed and unpaid, and no more." And section 14 of the corporation act (Comp. 1887, § 3230) provides that the purchase of the stock of a corporation "subjects the purchaser to the payment of any unpaid balance due or to become due on such stock."

Under these circumstances, the judgment obtained by the plaintiff against the defendant's corporation is, as was said in *Stephens* v. *Fox*, *supra*, 317, "as effectual to pass its title to the fund in question [the balance due on the defendant's stock] as a deed or any other form of transfer." In effect, the plaintiff is thereby subrogated to the right of the corporation to demand and have of and from the defendant, as the holder of its unpaid stock, the balance due thereon, or sufficient thereof to satisfy his demand.

Indeed, my present opinion is that the undertaking of a subscriber to or holder of the stock of an Oregon corporation is to pay the amount due on such stock when called for by the corporation, in the course of its business, including the discharge of its liabilities of whatever nature or kind, and however arising, or, in default of such call, to contribute or pay the same on such liabilities in the suit of the person in whose favor they exist, after the same have been definitely established by a judgment in an action at law against the corporation.

And, therefore, on further investigation and reflection, I wish to qualify a remark in the opinion announced on the demurrer to the bill, to the effect that a claim against a corporation for damages, sounding in tort, is not an "indebtedness" of the same, within the meaning of the term, as used in the constitution, but becomes so when merged in a judgment against the corporation, by adding, that neither is a claim arising out of contract such as an "indebtedness," until definitely established by a judgment against a corporation, and so claims arising either *ex contractu* or *ex delicto* are, in this respect, on the same footing. They are from their inception equally liabilities of the corporation, which, when definitely established by judgments against the same, are an "indebtedness" thereof, for the payment of which the unpaid stock of every stockholder is a trust fund.

And lastly: "Is this suit barred by lapse of time?"

The contention of counsel for defendant is that it is brought on the original claim for waste, and that is barred by the statute of the state in six years from the time the right of action thereon occurred, (Comp. 1887, § 6,) and that more than seven years had elapsed before the commencement of this suit,—July 10,1888,—and the loss of the warehouse, —January 15, 1881.

But in my judgment this contention is based on a total misapprehension of the nature of these proceedings. The claim for damages for the waste was made against the corporation, and not the stockholder, and is merged in the judgment obtained against the former, and no longer exists. This is a different suit, between different parties. It is a suit against the stockholder to enforce the payment of a judgment. The liability of the stockholder is secondary,—in the nature of a guaranty,— and did not arise until the judgment was given against the corporation, and it was insolvent.

A suit on this judgment, for any purpose for which it may be maintained or serve as an inducement, is not barred for 10 years after its entry. This suit is in the nature of a creditor's bill, to collect a judgment from the debtors of the judgment debtor.

No call appears to have been made on the defendant's stock by the corporation. There is therefore no pretense that the statute ever was put in motion against the creditor in that way, even if it could be, which is not conceded. Thomp. Liab. Stockh. § 291.

In my judgment, the statute did not commence to run against the liability of the shareholder to the creditor until the latter had exhausted his remedy against the corporation, which in this case, the same being

insolvent, happened when the judgment was obtained against it. Id. § 293. Then, and not before, a cause of suit accrued to the plaintiff against the defendant to compel the payment of any balance due on its stock, sufficient to satisfy his judgment. At the same time the statute commenced to run against such cause of suit and would bar a suit thereon in six years. This is a case in which equity follows the law on that subject. *Manning* v. *Hayden,* 5 Sawy. 379.

The action at law against the corporation was commenced in less than four years after the right accrued, according to the decision of the supreme court in the case, (16 Pac. Rep. 864;) and this suit was commenced in fifteen months after judgment was given therein, and in less than six months after it was affirmed on appeal. The claim cannot be considered stale.

In conclusion, a suit on this judgment is not barred for 10 years after its entry. Comp. 1887, § 5. But the liability which the plaintiff hereby seeks to enforce against the defendant arose in favor of the former and against the latter on April 8, 1887, the date of the judgment against the corporation; and the right of suit thereon is not barred until six years thereafter. "An action upon a contract or liability, express or implied, except those mentioned in section 5," (a judicial record or a sealed instrument,) must be commenced, "within six years" "after the cause of action shall have accrued." Id. §§ 3, 6.

The exceptions are allowed.