## BANK OF NORTH AMERICA v. RINDGE.

### (Circuit Court, S. D. California. August 7, 1893.)

1. CORPORATIONS—STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS — ACTION TO ENFORCE—KANSAS STATUTE.

Under Gen. St. Kan. 1889, p. 381, par. 1192, providing for the enforcement of the liability of stockholders of a corporation for the corporate debts, the creditor may either proceed summarily in the court where judgment has been given against the corporation and execution returned nulla bona, or he may proceed by an ordinary action at law wherever personal jurisdiction of such stockholder can be acquired. Howell v. Manglesdorf, 5 Pac. Rep. 759, 33 Kan. 194, followed.

2. SAME—LIMITATIONS—WHEN BEGINS TO RUN.

The statute of limitations does not begin to run in bar of an action to enforce such liability until judgment has been given against the corporation, and execution thereon has been returned unsatisfied.

3. SAME—PLEADING—ALLEGATION OF DEFENDANT'S OWNERSHIP.

In such an action an allegation that plaintiff "is informed and believes" that defendant is a stockholder is insufficient. The fact of defendant's ownership of stock should be directly charged either upon information and belief or otherwise.

At Law. Action by the Bank of North America against Frederick K. Rindge to enforce the latter's liability as stockholder of the Haddam State Bank. Heard on demurrer to the complaint. Demurrer sustained.

Wells, Monroe & Lee, for plaintiff.

S. C. Hubbell, for defendant.

ROSS, District Judge. This is an action at law by a creditor of a Kansas banking corporation against the defendant, as a stockholder in that corporation, to enforce the liability which the statutes of Kansas impose upon stockholders in corporations, other than railway, religious, or charitable corporations, for the corporate debts.

The statute of Kansas, which is the foundation of the action, is as follows:

"If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit, or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment." Gen. St. 1889, p. 381, par. 1192.

The complaint, to which a demurrer is interposed, alleges that on the 2d day of January, 1889, the plaintiff recovered a judgment in the United States circuit court for the district of Kansas, in an action therein commenced on the 8th day of September, 1888, against George S. Elwood, John T. Elwood, and the Haddam State Bank, for the sum of $5,343, with interest thereon at the rate of 12 per cent. per annum from the date of judgment, together with the costs of the plaintiff therein expended, amounting to the sum of $34.25; that no part of the judgment, costs, or interest has been paid; that on the 21st of February, 1893, the plaintiff caused an execution to be issued out of the court in which the judgment was obtained to the United States marshal for the district of Kansas, which execution the marshal thereafter, in due time, returned nulla bona; that the Haddam State Bank was at the date of the rendition of the judgment, and had been for a long time prior thereto, and ever since has been, a corporation duly organized and existing under the laws of the state of Kansas; that plaintiff "is

informed and believes that the defendant herein was on the said 8th day of September, 1888, had been long prior to that time, has been ever since said date, and now is, the owner of the capital stock of said Haddam State Bank to the amount of $5,000 in the par value of said stock, and that the entire amount due upon said stock, except about the sum of $1,000, remains unpaid;" that the defendant has never paid any portion of his individual liability upon his stock to the plaintiff or to any other creditor of the bank; that the plaintiff has never enforced its judgment against the bank, against the defendant, or against any other of its stockholders, and has now no other action pending therefor.

The present action was commenced March 6, 1893.

The principal objections urged on the part of the defendant to the complaint are—First, that the remedy of the plaintiff, if any, is by suit in equity; and, second, that the action is barred by those provisions of the statute of limitations of California prescribing three years as the period for the commencement of an action upon a liability created by statute other than a penalty or forfeiture, and two years for the commencement of an action upon a contract, obligation, or liability not founded upon an instrument of writing, or founded upon an instrument of writing executed out of the state. Code Civil Proc. Cal. §§ 338, 339.

It is well settled that the individual liability of stockholders in a corporation for the payment of its debts is always a creature of statute, and must be measured by the statute of the state which creates the corporation and imposes the liability; and, further, that, where the statutes of the state creating the corporation and imposing the liability provide a special remedy, the liability of a stockholder can be enforced in no other manner in a court of the United States. Bank v. Francklyn, **120 U. S. 747, 7 Sup. Ct. Rep. 757**, and cases there cited.

The statute of Kansas in question was construed by the supreme court of that state in the case of Howell v. Manglesdorf, **33 Kan. 194, 5 Pac. Rep. 759**. After setting out the statute already quoted, the court said:

"It will be observed that two remedies for enforcing the individual liability of stockholders are prescribed in the statute above quoted. In the one case the judgment creditor of an insolvent corporation may proceed by a summary action on a motion in the court where the judgment was rendered against the corporation; in the other, by an ordinary action to be instituted wherever personal jurisdiction of the stockholders can be acquired. Before the summary proceeding by motion can be maintained, notice to the stockholder must be given, in order that he may appear and make such defense as can be made, and as is necessary to protect his interest. The statute does not define the form of the notice nor the time nor place of its service, but only prescribes that a 'reasonable notice in writing' shall be given to the person sought to be charged. Whether the notice given in this case is sufficient, and what constitutes a reasonable notice under this statute, must depend very largely upon the nature of the proceeding based upon the notice. While the proceeding is summary in its character, and its maintenance contingent upon the insolvency of the corporation, or upon the rendition of a judgment against the corporation, and the return of an execution thereon of nulla bona, yet we cannot regard it as an interlocutory or auxiliary proceeding in the action against the corporation. In the action against the corporation no notice

of its pendency is given to the stockholder. He is not directly interested in the action, as his liability is only secondary to the corporation, and exists alone by reason of this statutory provision, and of that provision of the constitution in pursuance of which the statute is enacted. Const. art. 12, § 2. His liability to the creditors of the corporation is in the nature of a guaranty. The action or proceeding to enforce the same does not accrue until the execution upon the judgment against the principal is returned unsatisfied. We think that the proceeding against the stockholder, whatever remedy may be employed, is an independent one. It will readily be conceded, if the proceeding is distinct and independent, and the issues between the parties are personal, and if the consequence of the proceeding is in the nature of a judgment in personam, that the notice or process of the court upon which the jurisdiction depends cannot be served beyond the jurisdiction of the state. Before either of the remedies pointed out by the statute can be employed by the creditors, the stockholder must be brought into court, and have his day there. He is not concluded by the judgment against the corporation. That judgment is at most only prima facie evidence of his liability. Grund v. Tucker, 5 Kan. 70. When he is brought into court in this proceeding, he may interpose several defenses. Among other things, he may show that he is not a stockholder; or, if he had subscribed to the capital stock of the company, it had been forfeited or released, or it had been sold and transferred, and the liability sought to be enforced against him had been assumed and succeeded to by another; or he may show that the judgment is void. He may also set up as a defense that he is discharged by having already paid the amount of his individual liability to other creditors of the corporation. We think he may contest his liability in this proceeding to the same extent, and may interpose the same defenses, that he could have availed himself of if the creditor had chosen the second remedy prescribed by the statute, and proceeded in an ordinary action to obtain a judgment."

The construction of the Kansas statute by the highest court of that state is binding on this court. That is the general rule in respect to the construction of state statutes and constitutions. Any other rule in cases like the present might subject stockholders residing out of the state to a greater or less burden than domestic stockholders, depending upon the various interpretations that might be given the state statute by different courts.

As will have been observed, the Kansas statute upon which the suit is based, as construed by the supreme court of that state, provides two remedies for enforcing the individual liability of stockholders, one of which is by an ordinary action at law, to be instituted wherever personal jurisdiction of them can be acquired. That remedy is pursued in the present action, and is therefore a proper remedy.

It was further held in the case of Howell v. Manglesdorf, as will be seen from the quotation made, that the liability of the stockholders to the creditors of the corporation under the statute in question is in the nature of a guaranty, and that the action or proceeding to enforce the same does not accrue until the execution upon the judgment against the principal is returned unsatisfied. The precise date when the execution upon the judgment obtained in Kansas was returned unsatisfied does not appear from the complaint, but it does appear therefrom that the execution was not issued until the 21st day of February, 1893, and that it was thereafter returned in due time nulla bona. The cause of action could not therefore be barred by either of the statutes of limitation of California relied on by the defendant.

The allegations of the complaint are, however, plainly insufficient to show that the defendant ever was the owner of any of the stock of the Haddam State Bank. The allegation is that plaintiff "is informed and believes" that defendant is, and was at the times mentioned, such owner. This is only an allegation in respect to the plaintiff's information and belief. The fact of the defendant's ownership of the stock is not charged, either, upon information and belief or otherwise. This objection, however, is but technical, and can be easily remedied by amendment.

Demurrer sustained, with leave to the plaintiff to amend within the usual time.