## McVICKAR v. JONES.    .

(Circuit Court, D. New Hampshire.  October 22, 1895.)

1. LIABILITY OF STOCKHOLDERS—KANSAS STATUTE—SUIT OUTSIDE STATE.

A statute of Kansas, enacted pursuant to a requirement of the constitution of the state, provides that, if any execution against the property of a corporation shall be returned unsatisfied, execution may be issued against the property of any stockholder for an amount equal to the stock held by him, upon an order of the court in which the suit was brought, made after notice to the stockholder, or that the creditor may proceed by action to charge the stockholder.  *Held*, that the liability created by such statute of Kansas is enforceable by action in a federal court sitting in another state.

2. SAME—FORM OF ACTION.

*Held*, further, that the procedure for the enforcement of such liability in a federal court should conform somewhat to the mode of enforcement in the state where the liability is created, and accordingly, the distinctions between procedure at law and in equity and between forms of action having been abolished in Kansas, in a state where such distinctions prevail a demurrer to a declaration in an action of debt, brought to enforce such liability, cannot be sustained where the ground of demurrer is limited to an objection to the form of action.

3. SAME—PARTIES.

*Held*, further, that it is not necessary in such an action that other stockholders within the jurisdiction should be joined as parties, or that it should be averred that there are no other stockholders than the defendant within the jurisdiction.

4. SAME—PLEADING.

*Held*, further, that an averment that the stock was duly issued and a certificate duly executed, and that the stock so issued stands on the books in the name of the defendant, is not a sufficient averment that the defendant was a stockholder or the owner of shares.

5. SAME—PLEADING ORIGINAL CAUSE OF ACTION.

*Held*, further, that it is not necessary that the declaration in an action against a stockholder should set out the cause of action on which the judgment was recovered against the corporation.

6. SAME—NOTICE.

*Held*, further, that the statute does not require notice to be given to the stockholder before commencing suit to enforce his liability.

7. SAME—NECESSARY AVERMENTS.

*Held*, further, that it is not necessary in such an action to aver that there is at the time of bringing suit no property of the corporation sufficient to satisfy the execution, nor that the corporation has never been dissolved, nor that the plaintiff is not a costockholder.

This was an action by Caroline M. McVickar against Frank Jones to enforce a liability as stockholder in a Kansas corporation. Defendant demurred to the declaration.

J. W. Remick and Harry Bingham, for plaintiff.
Calvin Page and J. S. H. Frink, for defendant.

ALDRICH, District Judge. In this case the plaintiff seeks to enforce a supposed remedy against the defendant, as a supposed stockholder in a Kansas corporation, upon supposed rights and liabilities created by the constitution and statutes of that state. The action is in the form of debt, and the plaintiff sets up a judgment for $7,892 damages, and costs taxed at $181.20, alleged to have been recovered in the courts of Kansas in 1894 against a Kansas corporation in which it is claimed the defendant was a stockholder; and the plaintiff here seeks to recover the amounts of such judgment from the defendant on the ground of individual liability, and the hearing was upon demurrer, in which 18 special causes are assigned. For the purposes of the preliminary questions raised at this stage of the proceeding, we must look only to the conditions set forth by the plaintiff's declaration, the constitution and the public laws of Kansas, the decisions of the courts of Kansas and of other courts, which bear upon the questions involved.

The first ground of demurrer assigned is that the declaration sets forth no cause of action. This, of course, at once presents the question whether the plaintiff's declaration discloses a case which the defendant is bound to answer. Section 2, art. 12, of the constitution of Kansas, declares that:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder; and such other means as shall be provided by law; but such individual liability shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

In obedience to this declaration in the fundamental law of Kansas, the legislature of that state in 1868 undertook to establish the liability and provide a remedy by the enactment of a law in the following words:

"If any execution shall have been issued against the property or effects of a corporation, except a railway, or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any

amount unpaid thereon; but no execution shall issue against any stockholder except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment." Gen. St. 1868, c. 23, art. 4, § 32.

Looking at the plaintiff's declaration generally, it would seem that it is sufficiently broad and comprehensive to state the cause of action contemplated by the constitution and the statute under consideration, and that a cause of action is set forth, provided the facts are stated with reasonable precision and legal certainty, and provided, further, that the statute and constitution create a cause of action enforceable in this court.

The question whether the cause of action which the plaintiff undertakes to state in his declaration is one which we are bound to recognize and enforce, provided the plaintiff sets it forth by apt and proper pleading, will first be considered.

It is manifest that the purpose of the government of Kansas was to secure to the members of the public a higher measure of security and a greater degree of safety in their dealings with such institutions than would result from the liability of the corporation itself, by creating an individual liability on the part of the stockholders; and the decisions of the state courts of Kansas and the supreme court of the United States upon similar or analogous situations would seem, speaking generally, to establish the proposition that the stockholder's liability sought to be established by the Kansas constitution and statute is one which we are bound to recognize and enforce. Howell v. Manglesdorf, 33 Kan. 194, 199, 5 Pac. 759; Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263; Rhodes v. Bank, 13 C. C. A. 612, 66 Fed. 512; Bank v. Rindge, 57 Fed. 279; Cuykendall v. Miles, 10 Fed. 342; Payson v. Withers, 5 Biss. 269, 278, Fed. Cas. No. 10,864; First Nat. Bank of Deadwood v. Gustin Minerva Con. Min. Co., 42 Minn. 327, 44 N. W. 198; Mor. Priv. Corp. 870, 872, 875; Cook, Stock, Stockh. & Corp. Law, § 223. It follows, therefore, that the first ground of demurrer, which is a general one, and goes to the cause of action, must be overruled, and the secondary questions, as to the alleged insufficiency and uncertainty of the declaration, will be considered hereafter, under the specific assignments set forth in the demurrer.

The second and third grounds of the demurrer go to the form of action, and it is claimed that, if the action may be at law, debt is not the proper form of action. It would seem, as to liabilities created by state statutes in pursuance and within the scope of the constitution of such state, and of a character not running counter to the provisions of the federal constitution or the laws of congress thereunder, that procedure in federal courts for the enforcement of such state statutory liability will conform somewhat to the mode of enforcement in the state where such liability is created. It is not necessary to look beyond the decisions of the supreme court for authority sustaining this proposition. Mills v. Scott, 99 U. S. 25; Pollard v. Bailey, 20 Wall. 520; Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263; Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757; Glenn v.

Liggett, 135 U. S. 533, 10 Sup. Ct. 867; Bank v. Rindge, 57 Fed. 279. Mills v. Scott was an action of debt against an individual stockholder to enforce a liability created by a Georgia statute, and was maintained upon the ground that it was authorized by the state statute, as interpreted by the highest tribunal in that state. In Kansas the distinction between actions at law and suits in equity, and all distinctions between forms of action, are abolished. The language of the statute working this result is as follows:

"The distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, are abolished; and in their place shall be, hereafter, but one form of action, which shall be called a civil action." Gen. St. 1889, par. 4087.

It is contended on the part of the defendant that the procedure there is simple, direct, and comprehensive, and the proceeding ordinarily, if not always, employed, involves only a complaint and answer, wherein defenses may be set up without the restraints incident to the common-law forms of action; while the plaintiff claims that the laws of Kansas as to the individual liability of stockholders for the debts of a corporation constitute a part of the contract by which the defendant became a stockholder and the plaintiff a creditor of the corporation, and that, while distinctions between forms of action and between actions at law and suits in equity are abolished, he may properly employ the form of a declaration in debt for the purpose of stating his case in a several action for the enforcement of individual and several liability, and that a suit in equity is not the usual or proper remedy in Kansas or elsewhere (Flash v. Conn, 109 U. S. 371, 380, 3 Sup. Ct. 263), except as a remedy to ascertain and establish proportionate liability, where, under the laws and contracts, such proportionate liability exists. Among the cases bearing upon the questions involved in this proposition are Bullard v. Bell, 1 Mason, 243, Fed. Cas. No. 2,121; Mills v. Scott, 99 U. S. 25; Falconer v. Campbell, 2 McLean, 195, Fed. Cas. No. 4,620; Stockwell v. U. S., 13 Wall. 531, 542; Abbey v. Dry-Goods Co., 44 Kan. 415, 24 Pac. 426; Howell v. Manglesdorf, 33 Kan., 194, 5 Pac. 759; Bank v. Rindge, 57 Fed. 279; Bagley v. Tyler, 43 Mo. App. 195; Morley v. Thayer, 3 Fed. 737; Pollard v. Bailey, 20 Wall. 520; Bank v. Francklyn, 120 U. S. 747, 756, 7 Sup. Ct. 757; Cuykendall v. Miles, 10 Fed. 342; Bank v. Peavey, 64 Fed. 912; Hentig v. James, 22 Kan. 326; Hoyt v. Bunker, 50 Kan. 574, 32 Pac. 126; Rhodes v. Bank, 13 C. C. A. 612, 66 Fed. 512. The suggestion that the liability may be in contract furnishes no reason why the action of debt should not be employed to enforce the supposed right, and it is not perceived that the defenses open to the defendant under the constitution and statutes of Kansas (Howell v. Manglesdorf, 33 Kan. 194, 197, 5 Pac. 759; Bank v. Rindge, 57 Fed. 279; Wilson v. Coal Co., 43 Pa. St. 424) cannot be made in an action of debt. If, however, after the defendant has pleaded to the merits, or if upon trial, it should appear that the defendant's rights are jeopardized or unreasonably hampered by this form of action, it is believed that federal procedure is sufficiently elastic to allow the pleadings or the form of action to be so recast as to permit the rights of the parties to be presented and

ascertained, and justice to be administered between them.    It is not necessary to determine or examine at this stage of the proceeding the nature or extent of the defendant's defenses under this form of action.    We only hold that a stockholder's relation to a Kansas corporation (Bullard v. Bell, 1 Mason, 243, Fed. Cas. No. 2,121; Hobart v. Johnson, 8 Fed. 493; Tabor v. Bank, 10 C. C. A. 429, 62 Fed. 383; Hawkins v. Glenn, 131 U. S. 319, 329, 9 Sup. Ct. 739; Glenn v. Liggett, 135 U. S. 533, 10 Sup. Ct. 867), and to the creditors of such corporation, under the circumstances disclosed by the declaration, is such that he is so far concluded by the individual liability clause of the constitution, the statutory provision, and a judgment against the corporation fixing the amount of indebtedness, that he cannot relieve himself from supposed liability by demurrer to a declaration in the nature of debt, where the ground of demurrer is limited to an objection against the form of action.    The second and third grounds of objection are therefore overruled.

The fourth ground of demurrer presents the question whether other stockholders within this jurisdiction should be joined, and, in case the action is against an individual stockholder alone, whether the declaration should contain an averment that there are no other stockholders within such jurisdiction.    Conforming the mode of procedure, so far as may be, to the law of the forum in which the right was created, rather than to the procedure of the forum in which it is sought to be enforced, it must be governed by Howell v. Bank, 52 Kan. 133, 34 Pac. 395; and Abbey v. Dry-Goods Co., 44 Kan. 415, 24 Pac. 426, rather than by Rice v. Hosiery Co., 56 N. H. 114, and Erickson v. Nesmith, 46 N. H. 371; and for this reason the fourth ground of demurrer is overruled.

The fifth ground of demurrer is based on the idea that the declaration does not allege with sufficient certainty that the defendant is, or ever was, a stockholder in the corporation.    This ground must be sustained.    An allegation that the stock was duly issued and a certificate duly executed, and that the stock so issued stands upon the books in the name of the defendant, is not equivalent to the words of the statute creating liability of stockholders, or to an allegation that the defendant was an owner of a certain number of shares, or the averment that he was a shareholder.    The fact that he was a shareholder is not distinctly stated.    It might be claimed that "duly issued" means issued in due form, and, if "duly issued" means this, then everything that is alleged might have been done without delivery to the defendant, and without his knowledge.    At the best, there is uncertainty as to the meaning of the allegation, and for this reason the demurrer in this respect must be sustained.

The sixth ground of demurrer is based on an alleged fault in the declaration by reason of failing to aver that the defendant was a stockholder in the corporation at the time that judgment was recovered against it, and the seventh in that it contains no allegation that the defendant was a stockholder at the time the debt on which the judgment was founded was created.    The date of judgment and of the return of the execution are stated, and I think the allegation that the stock issued to defendant still stands in his name, and has

so stood for more than five years, is sufficiently definite as to time (Van Demark v. Barons, 52 Kan. 779, 35 Pac. 798; Handley v. Stutz, 139 U. S. 417, 11 Sup. Ct. 530); but there is no allegation that the defendant was a shareholder, or the owner of shares, during the time covered by this allegation. Doubtless, evidence upon a trial that the stock was duly issued to the defendant, and that it stood in his name at a particular time, would be prima facie evidence of ownership, but it would seem that an allegation as to ownership should be more definite and certain; and in this respect the declaration in question is faulty, and for this reason alone the sixth and seventh grounds of demurrer are sustained.

The eighth ground of demurrer proceeds upon the idea that the declaration is at fault in not setting out the cause of action upon which the judgment recovered against the corporation was founded. In view of the authorities which we feel bound to recognize as controlling this case (Grund v. Tucker, 5 Kan. 70; Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739; Glenn v. Liggett, 135 U. S. 533, 10 Sup. Ct. 867), it would seem to be unnecessary to set forth the cause of action which constituted the foundation of the judgment on which the plaintiff relies. It may be observed, moreover, that authorities in other jurisdictions, and perhaps the weight of authority, conform to this idea. Bank v. Warren, 52 Mich. 557, 561, 18 N. W. 356; Henderson v. Turngren (Utah) 35 Pac. 495; Milliken v. Whitehouse, 49 Me. 527; Powell v. Railway Co., 38 Fed. 187; Frost v. Investment Co. (Minn.) 59 N. W. 308; Slee v. Bloom, 20 Johns. 669; Donworth v. Coolbaugh, 5 Iowa, 300; Wilson v. Coal Co., 43 Pa. St. 424. The ninth and tenth causes stand upon the same ground, and are overruled together with the eighth, and the eleventh is waived.

The twelfth cause of demurrer is grounded upon want of averment of notice to the defendant of the judgment or claim against him before commencement of suit. The notice, to persons sought to be charged, required by the Kansas statute before execution shall issue against the stockholder, would seem to have reference to the motion made in open court that execution issue against the stockholder, and not to the original claim, or the proceedings anterior to the judgment. Under the statute the creditor may elect to proceed by motion and notice, with a view of obtaining execution direct against the stockholder, or by his action upon the judgment, giving, of course, the usual notice required in instituting proceedings at law; and no reason is seen why the stockholder cannot avail himself of all matter by way of defense in an action at law which would be open to him as objections against a motion for execution, where the creditor elects to proceed under such motion, rather than by action. Looking at the statute, therefore, it cannot be found that it either expressly or impliedly contemplates notice of the claim to the stockholder before commencement of an action at law, where the creditor elects such proceeding as his remedy. Is it required, then, by reason of the nature of the supposed liability? It is not necessary, and it would not be useful, to discuss or undertake to define the precise nature of the individual liability of stockholders under this and similar statutes. The authorities are numerous, and the question

as to the character of the stockholder's relation to the corporation and to its creditors has been discussed on many occasions, and at great length. It seems sufficient for the present purposes to say that the great weight of authority treats the liability as so far original, although in a sense contingent or conditional, and so unlike the liability of surety or guarantor, in the legal sense in which the liability of surety and guarantor is understood, as to permit recovery without proof of demand and notice before suit. Gen. St. Kan. 1889, p. 381, par. 1192; Howell v. Manglesdorf, 33 Kan. 194, 5 Pac. 759; Healey v. Clay Co., 48 Kan. 617, 29 Pac. 1088; U. S. v. Knox, 102 U. S. 422, 425; Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263; Thornton v. Lane, 11 Ga. 516; Bank v. Rindge, 57 Fed. 279; Bronson v. Schneider (Ohio Sup.) 33 N. E. 233; Handy v. Draper, 89 N. Y. 334; Paine v. Stewart, 33 Conn. 516; Abbey v. Dry-Goods Co., 44 Kan. 415, 24 Pac. 426; Bagley v. Tyler, 43 Mo. App. 195; Corning v. McCullough, 1 N. Y. 47; Moss v. Averell, 10 N. Y. 449; Hobart v. Johnson, 8 Fed. 493; Hatch v. Burroughs, 1 Woods, 439, Fed. Cas. No. 6,203; Dauchy v. Brown, 24 Vt. 197, 203; Institution v. Sprague, 43 Vt. 502; Dearborn v. Sawyer, 59 N. H. 95; Aultman's Appeal, 98 Pa. St. 505; Cook, Stock, Stockh. & Corp. Law, §§ 219, 225, and note, page 302; Mor. Priv. Corp., 879, 883 et seq.; Thomp. Stockh. 293, 310, et seq.; Tayl. Corp. § 715. The thirteenth, fourteenth, and fifteenth grounds are covered by the consideration given to the twelfth, and it follows that they must be overruled therewith.

The sixteenth cause of demurrer is grounded upon want of averment that at the date of the writ in this action the corporation was not possessed of property in the state sufficient to pay and satisfy the judgment and the execution, and the seventeenth upon the ground of absence of allegation that there is no property within the jurisdiction of this court, and the eighteenth upon the ground that the declaration contains no averment that the corporation has ever been dissolved; and under the nineteenth cause, which is general, it is suggested and argued that there is no allegation that plaintiff is not a costockholder. Holding the view that the allegations in these respects are sufficient to bring the plaintiff within the Kansas statute, the last four causes are overruled.

Let the order be: Demurrer overruled as to causes 1, 2, 3, 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19; demurrer sustained as to causes 5, 6, and 7, with leave to the plaintiff to amend within 15 days.