## WESTERN NATIONAL BANK OF NEW YORK *v.* LAWRENCE.

FOREIGN CORPORATIONS—INDIVIDUAL LIABILITY OF STOCKHOLDERS —ENFORCEMENT.

The individual liability of stockholders in Kansas corporations, as declared by statute enacted pursuant to a requirement of the constitution of that State, for the debts of the corporation, to an amount equal to the stock owned by them, is a contractual, not a penal, liability, and as such may be enforced in the courts of this State.

Error to Kent; Grove, J. Submitted June 8, 1898. Decided July 18, 1898.

*Assumpsit* by the Western National Bank of New York against John S. Lawrence to enforce the individual liability of defendant as a stockholder in a Kansas corporation. From a judgment for defendant on demurrer to the declaration, plaintiff brings error. Reversed.

*C. O. Smedley* (*John W. Powers*, of counsel), for appellant.

*Fletcher & Wanty*, for appellee.

LONG, J. The declaration in this cause states that the plaintiff is a corporation under the national banking act, having its place of business in the city of New York, and, as such corporation, loaned the Western Farm Mortgage Trust Company, a Kansas corporation, $20,000, and on the 2d day of July, 1892, obtained a judgment against the Kansas corporation for $22,911.35, on which there has been issued an execution which has been returned unsatisfied, and since that time the plaintiff has credited on said judgment $7,094.60, the balance being wholly unpaid; that the Western Farm Mortgage Trust Company is insolvent, and has no property of any kind or description in Kansas or elsewhere; that defendant is a stockholder owning 10 shares, of $100 each, in said company, and became liable to the plaintiff for the amount of said stock. The declaration sets forth the provisions of the constitution and statutes of Kansas under which it is claimed the defendant became liable. The defendant demurred to the declaration, and the demurrer was sustained in the court below.

The constitution of Kansas, by section 2, art. 12, provides:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law; but such individual liabilities shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

It is contended by counsel for defendant that no right of action against a stockholder of a corporation existed at common law, and that the above-quoted provision of the Kansas constitution created no liability, and is only a provision enabling the legislature of the State to pass statutes making stockholders liable for debts of corporations in con-

formity therewith; that is, that the constitution creates no liability of itself, and is not self-executing. This view, it is claimed, was taken by the court below; and counsel for plaintiff concede that view to be correct. The only liability, if any, arises from the Kansas statutes (1 Gen. Stat. 1889, § 1192), which provide:

"If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder except upon an order of the court in which the action, suit, or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged, and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

It is conceded by counsel for plaintiff that the first of these remedies provided by this statute could be enforced only in the State of Kansas; but it is contended that the other may be enforced in this State by an action, as no particular procedure is prescribed by the act, and therefore the form of procedure prescribed by the laws of the State where the stockholder resides can be resorted to, just as though the action were on a promissory note or other obligation of the defendant. In *Howell* v. *Manglesdorf*, 33 Kan. 194, speaking of this statute, the court said:

"It will be observed that two remedies for enforcing the individual liability of stockholders are prescribed in the statute above quoted. In the one case, the judgment creditor of an insolvent corporation may proceed by a summary action on a motion in the court where the judgment was rendered against the corporation; in the other, by an ordinary action to be instituted wherever personal

jurisdiction of the stockholders can be acquired. * * * This ruling does not deprive a creditor of the insolvent corporation of a remedy against the stockholder residing in another State, and upon whom service cannot be obtained here. While the liability is statutory, it is one which arises upon the contract of subscription to the capital stock of the corporation, and an action to enforce the same is transitory, and may be brought in any court of general jurisdiction in the State where personal service can be made upon the stockholder."

It will be noticed that the statute, in providing for the recovery against the stockholder by action, empowers the plaintiff, whenever his execution is returned *nulla bona* against the corporation, to charge the stockholders with the amount of his judgment; but the constitution of Kansas provides that a stockholder's personal liability cannot be more than the amount of the stock owned by him, so that the language of the act must be limited to that amount. The suggestions made by the court in *Howell* v. *Manglesdorf, supra,* are supported by the great weight of authority, in that, while the liability is statutory, it is one which arises on the contract of subscription to the capital stock, and an action to enforce the same is transitory, and may be brought in any court of general jurisdiction where personal service may be had upon the stockholder. In Morawetz on Private Corporations (section 870) the rule is stated as follows:

"If the company's charter provides that the shareholders shall be subject to a special individual liability to creditors, persons becoming shareholders agree to become liable, both in a corporate capacity and individually, to all persons who shall give credit to the corporation. They offer to all the world to become liable in their corporate capacity to the extent of the capital which they have agreed to contribute for the purpose of carrying on the company's business, and they offer to become liable individually to the amount expressly provided by their charter or incorporation law. Parties who contract with the corporation contract upon the faith of this liability, held out as their security; and the offer of the shareholders, being thereby accepted, ripens into a binding contract."

It is further said (in section 875):

" It seems clear upon principle that a creditor of a corporation whose shareholders are individually liable for its debts may maintain a suit to enforce this liability wherever he can obtain jurisdiction over the necessary parties.   The right to maintain a suit of this character outside of the jurisdiction of the State by which the corporation was chartered does not depend upon the comity of the State where suit is brought, or its willingness to recognize and give effect to the laws of a foreign State.   It depends upon the willingness of the courts to enforce a contract validly entered into between the parties in another jurisdiction.   A refusal to grant a remedy in a case of this kind would not be a refusal to enforce a foreign law; it would be simply a denial of justice."

These principles are fully sustained by Thompson in his Commentaries on the Law of Private Corporations (volume 3, § 3050), Cook on Stock, Stockh. & Corp. Law (section 223), and by the courts generally where these questions have arisen. *Bank of North America* v. *Rindge,* 57 Fed. 279; *Rhodes* v. *United States Nat. Bank,* 13 C. C. A. 612, 66 Fed. 512 (34 L. R. A. 742); *Cuykendall* v. *Miles,* 10 Fed. 342; *McVickar* v. *Jones,* 70 Fed. 754; *Guerney* v. *Moore,* 131 Mo. 650; *Ferguson* v. *Sherman,* 116 Cal. 169; *Flash* v. *Conn,* 109 U. S. 371; *First Nat. Bank* v. *Gustin Minerva Con. Min. Co.,* 42 Minn. 327 (18 Am. St. Rep. 510); *Morris* v. *Glenn,* 87 Ala. 628; *Huntington* v. *Attrill,* 146 U. S. 657.

In *McVickar* v. *Jones, supra,* which was tried in the circuit court of the United States for the district of New Hampshire to enforce against the defendant the remedy provided by this same statute of Kansas, it was held that the action was transitory, and could be enforced in any State.   This same statute was also before the court in *Guerney* v. *Moore, supra,* and the court discussed the distinction between the two classes of liability, the one penal and the other contractual, and held that the statutory liability under this Kansas statute was contractual, and not penal, and consequently might be enforced in any

117 MICH.—43.

court of competent jurisdiction. This statute was also before the court in *Ferguson* v. *Sherman, supra,* and the same principle enunciated.

The court below seems to have relied upon the rule laid down in *Marshall* v. *Sherman,* 148 N. Y. 9 (34 L. R. A. 757, 51 Am. St. Rep. 654). That opinion is based upon *Erickson* v. *Nesmith,* 4 Allen, 233; but the court of Massachusetts has more recently limited the language of that case in *Hancock Nat. Bank* v. *Ellis,* 166 Mass. 414 (55 Am. St. Rep. 414), and now stands in line with the cases which support the action against stockholders under the Kansas act. *Tuttle* v. *National Bank,* 161 Ill. 497 (34 L. R. A. 750), is in line with *Marshall* v. *Sherman, supra;* but a dissenting opinion in that case was filed, in which three of the justices of that court found, holding to the doctrine laid down by the majority of the cases, that such actions can be maintained in any court of competent jurisdiction against stockholders, and that the statutory liability is contractual.

Many other cases might be cited in line with the above. We do not deem it necessary, however, as we are satisfied that to enforce this contract does not import the law of one State into another State, and give it an extraterritorial effect, in any proper sense. It merely allows the law to be read for the purpose of determining the contract into which the stockholder has entered. The contract is expressed by the statute and what the stockholders have written and done under it, when taken and read together as a whole. As said in Cook on Stock, Stockh. & Corp. Law (section 223):

"The law is clear that the courts of one State will not enforce penalties imposed by another State. But the usual statutory liability of stockholders is not a penalty. * * * In other words, the ordinary statutory liability of stockholders is a contract liability, and will be enforced as such by the courts of all the States."

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.