### RHODES v. UNITED STATES NAT. BANK.

(Circuit Court of Appeals, Seventh Circuit. February 23, 1895.)

No. 185.

1. PRACTICE—REVIEW OF GENERAL FINDING—REV. ST. § 649.
    Where a case is submitted to the court without a jury, pursuant to Rev. St. § 649, and a general finding only is made, such finding cannot be re-

viewed by the appellate court, though an exception to it is taken, and the evidence is presented by bill of exceptions.

2. CORPORATIONS—LIABILITY OF STOCKHOLDERS—KANSAS STATUTE—SUIT IN ANOTHER STATE.

The constitution of Kansas provides that "dues from corporations shall be secured by individual liability of the stockholders." Gen. St. Kan. 1868, c. 23, § 32, provides that, if an execution has been issued against the property of a corporation, and no property is found on which to levy it, then, after motion in the court rendering the judgment, and notice, an execution may be levied on the property of the stockholders, "or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment." The courts of Kansas hold that the statute creates a several liability in each stockholder, in the nature of a guaranty. *Held*, that an action may be maintained to enforce such liability in a court of the United States sitting in another state.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Anson B. Jenks, for plaintiff in error.
E. A. Otis, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge. This is an action of assumpsit, brought by the United States National Bank, a Kansas corporation, against J. Foster Rhodes, a citizen of Illinois, to enforce a stock liability under the constitution and laws of Kansas upon stockholders of insolvent corporations created under the laws of that state. The declaration charges that a corporation known as the United States Building Company was incorporated on the 21st of December, 1886, under and pursuant to the provisions of chapter 23 of the General Statutes of the state of Kansas, of 1868, and which afterwards became indebted to the defendant in error (the plaintiff below) in the sum of $22,000, on which a judgment was recovered in the state court for the proper district in Kansas on December 9, 1890; that execution was issued upon said judgment, and returned unsatisfied; that Rhodes was a stockholder in the building company to the extent of 75 shares, of the par value of $100 each, amounting in all to $7,500; that the building company is insolvent, and has no property or means of paying its debts, except the stock liability of its stockholders; and claims judgment for the amount of $7,500. The declaration also contains the usual common counts in assumpsit. The defendant pleaded the general issue, and also specially that the plaintiff was itself a stockholder in the building company, and liable with the other stockholders for its debts; and that he, the defendant, was not a stockholder, and so not responsible for its debts. There was a general replication put in to the several pleas, a jury trial waived, the cause tried by the court, and a general finding of facts upon all the issues in the case, and a judgment for the plaintiff for the amount claimed. A general exception only was taken to the finding of the court. There was no special finding, and no request to find specially upon the facts, and no exception taken by the defendant that no special finding was made. There was a bill of excep-

tions signed in the case and made a part of the record containing the evidence, but it is clear that this court cannot review the facts, but must take the finding of facts made by the court, general as it is, for the facts upon which to apply the law. The court has, moreover, had some difficulty in reaching the main question of law argued by counsel and relied upon by the plaintiff in error as to the liability of the defendant in an action at law brought outside the limits of the state of Kansas under the constitution and laws of that state, relating to the subject of the personal liability of stockholders in such a case, because of the state of the record as before set forth, the exceptions taken on trial, and the assignments of error not being properly framed for the purpose. Without looking into the evidence, it is difficult to see how the court can say that the judgment is based upon any particular count or cause of action in the declaration, upon the first count setting forth defendant's liability as a stockholder, or upon one or other of the common counts. The finding is general, and covers all the issues in the case. A finding by the court takes the place of a verdict of a jury, and a general exception to such finding is of no more avail than a general exception to a verdict. See Rev. St. § 649, which provides that:

"Issues of fact in civil cases in any circuit court may be tried and determined by the court without the intervention of a jury. * * * The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

And section 700 provides that:

"When an issue of fact in any civil cause in a circuit court is tried and determined by the court without the intervention of a jury, according to section 649, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the supreme court upon a writ of error or upon appeal; and when the finding is special, the review may extend to the determination of the sufficiency of the facts found to support the judgment."

This statute was first given a construction by the supreme court in Norris v. Jackson, 9 Wall. 125, where the court in an opinion by Mr. Justice Miller say:

"The first thing to be observed in the enactment made by the fourth section of the act of the 3d of March, 1865, allowing parties to submit issues of fact in civil cases to be tried and determined by the court, is that it provides for two kinds of findings in regard to the facts, to wit, general and special. This is in perfect analogy to the findings by a jury, for which the court is in such cases substituted by the consent of the parties. In other words, the court finds a general verdict on all the issues for plaintiff or defendant, or it finds a special verdict. This special finding has often been considered and described by this court. It is not a mere report of the evidence, but a statement of the ultimate facts on which the law of the case must determine the rights of the parties; a finding of the propositions of fact which the evidence establishes, and not the evidence on which those ultimate facts are supposed to rest. The next thing to be observed is that, whether the finding be general or special, it shall have the same effect as the verdict of a jury; that is to say, it is conclusive as to the facts so found. In the case of a general verdict, which includes, or may include, as it generally does, mixed questions of law and fact, it concludes both, except so far as they may be saved by some exception which the party has taken to the ruling of the court on the law. In the case of a special verdict, the question is presented as it would be if tried by a jury,

whether the facts thus found require a judgment for plaintiff or defendant; and, this being matter of law, the ruling of the court on it can be reviewed in this court on that record. If there were such special verdict here, we could examine its sufficiency to sustain the judgment; but there is none. The bill of exceptions, while professing to detail all the evidence, is no special finding of facts. The judgment of the court, then, must be affirmed, unless the bill of exceptions presents some erroneous ruling of the court in the progress of the trial."

This construction has always been adhered to in subsequent cases in the same court. Miller v. Insurance Co., 12 Wall. 285; Dirst v. Morris, 14 Wall. 484; Insurance Co. v. Folsom, 18 Wall. 237; Cooper v. Omohundro, 19 Wall. 65; British Queen Min. Co. v. Baker Silver Min. Co., 139 U. S. 222, 11 Sup. Ct. 523.

In Miller v. Insurance Co. the court say:

"The finding of the court, if general, cannot be reviewed in this court by bill of exceptions or in any other manner."

In Insurance Co. v. Folsom, 18 Wall. 237, the court say:

"Where the finding is general, the parties are concluded by the determination of the court, except in cases where exceptions are taken to the rulings of the court in the progress of the trial. * * * When a case is tried by the court without a jury, the bill of exceptions brings up nothing for revision except what it would have done had there been a jury trial."

In Cooper v. Omohundro, the court reaffirm the former rulings, and say:

"When issues of fact are submitted to the circuit court, and the finding is general, nothing is open to review, * * * except the rulings of the circuit court in the progress of the trial, and the phrase 'rulings of the court in the progress of the trial,' does not include the general finding of the circuit court, nor the conclusions of the circuit court embodied in such general findings."

In Martinton v. Fairbanks, 5 Sup. Ct. 321, the cases are reviewed, and the same doctrine again asserted. The court say:

"The proposition that the general finding of the court in this case is open to review is in direct opposition to the rulings of the court in the cases cited. The plaintiff in error seeks to make the question whether the evidence set out in the bill of exceptions justified the finding by the court for the plaintiff of the issue of fact raised by the pleadings. This is, in defiance of the decision of this court that it cannot be done, an attempt upon a general finding to bring up the whole testimony for review by a bill of exceptions. The theory of the plaintiff in error seems to be that the general finding in this case, like a general verdict, includes questions of both law and fact, and that, by excepting to the general finding, he excepts to such conclusions of law as the general finding implies. But section 649, Rev. St., provides that the finding of the court, whether general or special, shall have the same effect as the verdict of a jury. The general verdict of a jury concludes mixed questions of law and fact, except so far as they may be saved by some exception which the party has taken to the ruling of the court upon a question of law. * * * But the plaintiff in error has taken no such exception. By excepting to the general finding of the court it is in the same position as if it had submitted its case to the jury, and, without any exceptions taken during the course of the trial, had, upon a return of the general verdict for the plaintiff, embodied in a bill of exceptions all the evidence, and then excepted to the verdict because the evidence did not support it."

We have on several occasions followed these rulings of the supreme court, and declared the like doctrine. Jenks' Adm'r v. Stapp, 9 U. S. App. 34, 3 C. C. A. 244, 52 Fed. 641; Farwell v. Sturges, 9 U. S. App. 405, 6 C. C. A. 118, 56 Fed. 782; Skinner v. Franklin

Co., 9 U. S. App. 676, 6 C. C. A. 118, 56 Fed. 783. The situation of the plaintiff in error in the case now before the court is accurately described by the above language of the supreme court. He has embodied the evidence to support the allegations of his pleas in a bill of exceptions, and excepts to the finding of the court because the evidence does not support such finding. The court, by the general finding, for instance, has found that the plaintiff in error (defendant below) was the owner of stock in the United States Building Company, as is alleged in the declaration, and that the plaintiff bank was not the owner of stock in that company. This the plaintiff in error seeks to dispute, but the question is foreclosed by the finding. The plaintiff is in almost, if not quite, as bad a situation in regard to the conclusion of law implied in the finding to the effect·that upon the facts alleged in the declaration, and found by the court, there was a personal liability at law on the part of the defendant to the plaintiff on account of his ownership. of stock in the insolvent corporation, which might be enforced by action in·the United States circuit court sitting in Illinois, there being no exception or assignment of error upon which the question properly arises. But, as this question, by common consent, has been argued by counsel, and submitted to the judgment of this court, the court having jurisdiction of the case, we shall not decline to consider it. It is not a difficult·question under the authorities. The constitution of Kansas provides that:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned·by each stockholder, and such other means as shall be provided by law; but such individual liabilities shall not apply to railway corporations nor corporations for religious or charitable purposes."

Pursuant to this constitutional provision, the legislature, by section 32 of chapter 23 of the General Statutes of the state of Kansas of 1868, provided as follows:

"If any execution shall have been issued against the property or effects of a corporation, except a railway or religious·or charitable corporation, or there can be found no property whereon to levy such execution, then execution may be issued against any of the shareholders to an extent equal in amount to the amount of stock by him, or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which such action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged, and upon such motion such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

There have been several decisions by the supreme court in Kansas giving construction to these provisions, which are binding upon this court. It is contended by the plaintiff in error that they create no. liability whatever, but that the statute merely provides a remedy, which cannot be enforced outside of that state, or, if there be any liability, it can only be enforced in equity. This contention cannot be maintained if regard is to be paid either to the decisions of the supreme court of Kansas, or to the ruling of the United States supreme court under similar enactments of other states. The

effect of the decisions in Kansas is that the statute creates and enforces a personal liability upon every stockholder to an amount equal to the amount of stock owned by him, that such liability is several and not joint, that it exists in favor of each creditor of the corporation severally against each shareholder, and that the obligation is by contract in the nature of a guaranty, and may be enforced by action in any tribunal where proper service can be had. The matter came before the court in Hentig v. James, 22 Kan. 326. In that case the court say:

"Under this statute the judgment creditor of the corporation has two modes of procedure against a stockholder upon the return of his execution against the corporation nulla bona. He may obtain by motion, after reasonable notice, the issuance of an execution from the court in which the action is brought against the stockholder; or he may proceed by action to charge the stockholders with the amount of his judgment. The former is a summary proceeding; the latter is a more formal one."

The court, on page 329, use the following language:

"The concluding provision of said section 32 plainly prescribes that if the creditor wishes to make the stockholder a judgment debtor with all that term implies, he may proceed by action, and charge the stockholder with the amount of his judgment against the corporation."

Afterwards, in Howell v. Manglesdorf, 33 Kan. 194, 5 Pac. 759, after quoting the above statutory provision, the court say:

"It will be observed that two remedies for enforcing the individual liability of stockholders are prescribed in the statute above quoted. In the one case the judgment creditor of an insolvent corporation may proceed by a summary action on a motion in the court where the judgment was rendered against the corporation; in the other by an ordinary action, to be instituted wherever personal jurisdiction of the stockholders can be acquired. Before the summary proceeding by motion can be maintained, notice to the stockholder must be given, in order that he may appear, and make such defense as can be made, and as is necessary to protect his interest. * * * His liability to the creditors of the corporation is in the nature of a guaranty. The action or proceeding to enforce the same does not accrue until the execution upon the judgment against the principal is returned unsatisfied. We think that the proceeding against the stockholder, whatever remedy may be employed, is an independent one."

And in Abbey v. Dry Goods Co., 44 Kan. 415, 24 Pac. 426, the court hold that "the liability of stockholders to the creditors of a corporation is several, and not joint, and each must be sued separately," and that judgment against several shareholders in one proceeding must be reversed. In this case the court further say:

"The nature of this liability is peculiar. It seems to have been created for the exclusive benefit of corporate creditors. The liability rests upon the stockholders of a corporation to respond to the creditors for an amount equal to the amount of stock held by each, and it has been held that an action to enforce this liability can only be maintained by the creditors themselves in their own right and for their own benefit. Cook, Stock & S. par. 216."

And in Howell v. Manglesdorf, above quoted, which was a proceeding for a summary remedy under the statute without action brought, the court say, on page 199, 33 Kan., and page 759, 5 Pac.:

"This ruling does not deprive a creditor of an insolvent corporation of a remedy against the stockholder residing in another state and upon whom service can not be obtained here. While the liability is statutory, it is one which arises upon the contract of subscription to the capital stock of the cor-

poration, and an action to enforce the same is transitory, and may be brought in any court of general jurisdiction in the state where personal service can be made upon the stockholder. Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263; Dennick v. Railroad Co., 103 U. S. 11; McDonough v. Phelps, 15 How. Pr. 372; Seymour v. Sturgess, 26 N. Y. 134."

As this is a question of the proper construction to be given to a constitutional and statutory provision of a state, the decisions of the highest court of that state are binding upon this court. Fairfield v. County of Gallatin, 100 U. S. 47. But, if still higher authority were necessary, it will not be found wanting: A similar statute of the state of New York was before the United States supreme court in Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, in a suit brought against a stockholder of a New York corporation in the United States circuit court for the Northern district of Florida, where the supreme court held that:

"The liability created by a provision in a general act of the state of New York for the formation of corporations, that all the stockholders of every company incorporated under it shall be severally individually liable to creditors of the company until the whole amount of the capital stock shall be paid in and certified, is a contract, and not a penalty; and can be enforced by an action sounding in contract against a stockholder found in another state."

It was declared also that, the courts of New York having held that a liability of a stockholder to creditors arising under one of its general statutes for forming corporations was a contract, when the attempt was made to enforce it in New York, the supreme court would follow that interpretation in a suit to enforce such a liability in another state, and that the liability may be enforced by action at law, without resort to a court of equity. This case is an authority upon the case at bar, and answers all the contentions made upon the question of liability except such as are founded upon the evidence, which this court cannot review. A case similar to the one at bar arose and was heard on demurrer by the United States circuit court for the Southern district of California in 1893, under the same provisions of the Kansas statute and constitution, and the same ruling was made, the court following the decisions of the supreme court of Kansas. Bank of North America v. Rindge, 57 Fed. 279.

The judgment of the circuit court is affirmed.