HUTCHINGS v. LAMPSON et al.

(Circuit Court, N. D. Illinois, N. D.   November 8, 1897.)

LIMITATION OF ACTIONS—IMPLIED PROMISE—CORPORATIONS.
    Under statutes making stockholders liable for corporate debts in case the
    same cannot be collected from the corporation, the liability is based upon
    an implied promise created by the acceptance of the stock, within the pur-
    view of the Illinois statute barring actions on oral contracts in five years.

This was an action at law by Charles F. Hutchings, as executor,
against S. Warren Lampson and others.   The case was heard on
demurrer to the declaration.

Thompson, Delamater & Clark, for plaintiff.
David Kirtan, for defendants.

GROSSCUP, District Judge (orally).   The action is to recover
against the defendant on his statutory liability as a shareholder in a
Kansas corporation.   The declaration sets up the existence of the
corporation, the constitution and statutory provisions of Kansas re-
lating to liability of shareholders therein, the obtaining of the judg-
ment, and the issuance of execution thereon, returned nulla bona, and
some other facts not essential to the inquiry raised by the demurrer.
The declaration shows that the original debt, merged into the judg-
ment, was contracted in January, 1882, and matured four years there-
after; that judgment thereon was recovered in the United States cir-
cuit court for the district of Kansas October 8, 1888, and on the 25th
of September, 1890, a pluries execution was issued thereon, which on
the 25th of September, 1890, was returned by the marshal nulla
bona.   The action in this court was begun on the 24th of August,
1897, and is by the executor of the party to whom the debt was origi-
nally due.   It is not alleged when he became such executor, nor is
the date of the decease of the original creditor averred.   The ques-
tion raised by the demurrer to the declaration relates to the stat-
ute of limitation.

In states where the statutory liability of the shareholder is primary
(that is, where the creditor can proceed against the shareholder irre-
spective of a judgment and execution against the corporation), an
action such as this is considered to be upon the original indebted-
ness; and, if the evidence of such original indebtedness is a prom-
issory note, the statutory limitation of 10 years, beginning at the
maturity of such note, would be applied.   The promissory note evi-
dencing the original indebtedness in this case matured in January,
1886; and but for the fact that the payee, in the interval, died, the
statute of limitations would have run in January, 1896.   The dec-
laration does not show any facts which legally enlarge the time of
the running of this statute.

    But the liability of the defendant in this cause is not primary,
under the laws of Kansas.   Such liability is contingent upon the
failure to collect the debt from the corporation.   Clearly, then, this
action is not upon the original promissory note.   Nor is it an ac-
tion upon the judgment entered in the circuit court of the United

States for the district of Kansas. The defendant was individually no party to that judgment. For the purposes of proceedings of that kind, the corporation and its shareholders are distinct and separate persons. The legal source of liability in actions like this, which seems to have met the approval of the supreme court of the United States (Carroll v. Green, 92 U. S. 509), may be stated as follows: The shareholder, acquiring stock in a Kansas corporation, impliedly undertakes, by virtue of the constitution and laws of Kansas entering into the contract, to be personally liable to creditors of the corporation, to the extent of his stock, in the contingency that the corporation itself cannot pay its debt. The liability, therefore, is a contract liability, and resides in the act of accepting the stock of such a corporation. The action upon such liability is not, therefore, upon a written promise or undertaking to pay money, nor upon any judgment, but upon the stockholder's implied promise in his act of accepting the stock. In this view of the case, the five-year limitation applies. It follows, therefore, that the demurrer to the declaration must be sustained.