HUTCHINGS v. LAMSON et al.

(Circuit Court of Appeals, Seventh Circuit.　October 3, 1899.)

No. 579.

1. LIMITATION OF ACTIONS—PLEADING.

Unless a declaration shows affirmatively a case outside of all exceptions declared in a statute of limitations, the question of limitation cannot be raised by demurrer, but the facts which exclude the exceptions must be set up by plea.

2. SAME—WHAT LAW GOVERNS.

The general rule is that in respect to the limitation of actions the law of the forum governs, and, while. the courts will enforce a limitation established under the law of another state, when applicable, they will not do so to the exclusion of the law of the forum.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

E. F. Thompson, for plaintiff in error.

David M. Kirton, for defendants in error.

Before WOODS and JENKINS, Circuit Judges, and SEAMAN, District Judge.

WOODS, Circuit Judge.　This action was brought by the plaintiff in error, Charles F. Hutchings, executor of the last will of George Fowler, against S. Warren Lamson and Lorenzo J. Lamson, co-partners as Lamson Bros., for the purpose of enforcing against them a statutory liability as stockholders in the Cherokee Brilliant Coal & Mining Company, a corporation organized under the laws of Kansas. The declaration, as amended and added to, contained special counts, designed to show the statutory liability according to the theory approved by this court in Rhodes v. Bank, 24 U. S. App. 607, 13 C. C. A. 612, and 66 Fed. 512, and also the appropriate common counts.　To the special counts the court sustained demurrers (82 Fed. 960), and afterwards dismissed the action for failure of the plaintiff to file a sufficient bill of particulars with the common counts.　Pending the consideration of the motion to dismiss for the reason stated, the plaintiff asked, but was denied, leave to take a nonsuit.　Of the numerous specifications in the assignment of error those in form to be considered are upon the ruling on the demurrer, the requirement of a bill of particulars with the common counts, the denial of a nonsuit, and the dismissal of the action.

If the right to a nonsuit at any time before the jury retires, or, when a jury is waived, before judgment entered, be conceded, it is said the plaintiff was not harmed, because, the case having been dismissed as it was by the court, he is at liberty to bring another action. If that be so, it were certainly better to have avoided the question by conceding to him his rightful way out of court.　Whether there was error in this respect we need not decide.　The demurrer to the special counts of the declaration was both general and special.　It was sustained, as the opinions of the court in the record show, on the ground that the action was barred by limitation of time, both under

the statute of Kansas, where the right of action originated, and that of Illinois, where the action was brought. The ruling was erroneous, since both statutes contain exceptions. Unless a declaration shows affirmatively a case outside of all exceptions declared in a statute of limitations, the facts which exclude the exceptions must be set up by plea, and the question cannot be raised by demurrer.

It is urged by the defendant in error that the counts to which the demurrer was sustained were bad for other reasons, but that argument, in so far as it rests on matters deemed important, calls for a reconsideration of our opinion in Rhodes v. Bank, supra, from which we are not disposed, on any of the grounds suggested, to depart. It has been approved in Whitman v. Bank, 51 U. S. App. 536, 28 C. C. A. 404, and 83 Fed. 288.

The contention of the plaintiff in error that the Kansas statute of limitations alone can have any application to the case is manifestly not tenable. The general rule is that in respect to the limitation of actions the law of the forum governs, and while the courts will en-. force a limitation established under the law of another state, when applicable, it does not do so to the exclusion of the law of the forum. It would involve serious and possibly absurd consequences, if it were established that a right of action created and governed by the law of Kansas could be enforced in Illinois after the time when, by the law of the latter state, the action had been barred. The cases cited show that the law of Kansas, if applicable, will be enforced in Illinois, but they do not say nor imply that a like or different limitation by the statute of Illinois may not apply. The cases referred to are Bank v. Francklyn, 120 U. S. 756, 7 Sup. Ct. 757; Pollard v. Bailey, 20 Wall. 527; Terry v. Tubman, 92 U. S. 156; Same v. Anderson, 95 U. S. 628; Carrol v. Green, 92 U. S. 509; Andrews v. Bacon, 38 Fed. 777.

The judgment below is reversed, and the cause remanded with direction to overrule the demurrer to the special counts of the declaration.