## SCHINOTTI v. WHITNEY.

(Circuit Court, E. D. Louisiana. May 31, 1904.)

No. 13,222.

1. BANKS—DEPOSITS—NATURE OF CONTRACT—WHAT LAW GOVERNS.

Where plaintiff, a citizen and resident of New York, deposited her money, subject to check, in the private bank of defendant's firm in that state, defendant being then a resident of New York, and interest was agreed to be paid on the deposits in New York, the nature and character of the transaction should be determined by the laws of New York.

2. SAME—LIMITATIONS.

Limitations do not begin to run against the recovery of a bank deposit until demand is made for repayment.

3. SAME—SUSPENSION OF BANKS.

Suspension of payment and discontinuance of banking operations by a bank constitutes a waiver of a demand by a depositor for a repayment of the deposit, so that limitations against the recovery thereof begin to run from the date of the suspension.

4. SAME—MONEY LENT.

Money deposited in a bank in New York at interest and subject to check constitutes "money lent" to the banker within Civ. Code La. art. 3538 (3503), requiring actions for the payment of money lent to be brought within three years.

At Law.

Plaintiff, a citizen and resident of the state of New York, sues the defendant for a balance which she alleges to be due her on deposits of money which she made with a firm of private bankers then doing business in the city of New York, of which firm the defendant was a member. The deposits were made in the years 1889 and 1890, during which time she drew several checks against the deposits, which checks were paid. It was stipulated that interest at the rate of 4½ per cent. per annum should be paid the plaintiff on her deposits, to be credited to her monthly. In November, 1890, the firm suspended payments, and was dissolved. On February 25, 1897, the assignee of the firm made a partial payment to the plaintiff. On March 12, 1900, and on December 20, 1900, the defendant personally made two other partial payments. This suit was filed, and the defendant was cited on February 13, 1904. The plea of prescription of three years having been interposed on behalf of the defendant, and having been heard, was sustained for the following reasons.

Farrar, Jonas & Kruttschnitt, for plaintiff.
Saunders & Gurley, for defendant.

PARLANGE, District Judge (after stating the facts as above). The question to be decided is whether the bank deposits in question were "money lent" within the meaning of article 3538 (3503), Civ. Code La., which provides that actions "for the payment of money lent" are prescribed by three years. The matter was argued before me on the assumption that it was one wholly governed by the law of Louisiana. If this were so, there might be some difficulty in reaching a conclusion. As I read the decisions of the Supreme Court of Louisiana, that court has never decided the precise matter now in hand. But I am inclined to believe that in such a case as the present one, where the agreement was to pay interest on the moneys, it would be held under Louisiana law (as it certainly would be held in other states) that the

transaction was a loan. However, it is obvious that, in order to as- certain the nature of the contract, we must look not to the law of Louisiana, but to the law of New York. Liverpool Steam Co. v. Phœnix Ins. Co., 129 U. S., at page 447, 9 Sup. Ct. 469, 32 L. Ed. 788; Am. & Eng. Ency. of Law (2d Ed.) verbis "Private International Law," vol. 22, p. 1322, and cases there cited. The plaintiff, a citizen and resident of New York, deposited her money in the private bank of defendant's firm in New York, the defendant being then, presumably at least, a resident of New York. Interest was to be paid on the de- posits in New York, and the moneys themselves were to be paid back in New York by checks on the bank there. No plainer or stronger instance of a New York contract could be conceived. Whatever dif- ficulties might arise in determining whether, under the law of Louisi- ana, the deposits constituted "money lent," it is perfectly plain that under the law of New York they were "money lent." In Phœnix Bank v. Risley, 111 U. S., at page 127, 4 Sup. Ct. 322, 28 L. Ed. 374—a case in error to the Court of Appeals of New York—lan- guage from the decision in the case of Marine Bank v. The Fulton Bank, 2 Wall. 252, 17 L. Ed. 785, was quoted approvingly to the effect that a bank deposit is a loan to the banker. In Davis v. Elmira Savings Bank, 161 U. S., at page 288, 16 Sup. Ct. 505, 40 L. Ed. 700—also a case in error to the Court of Appeals of New York—it was said:

"The deposit of money by a customer with his banker is one of loan, with a superadded obligation that the money is to be paid when demanded by check;" —citing cases.

See, also, to the same effect, N. Y. County Bank v. Massey—a New York case—192 U. S., at page 145, 24 Sup. Ct. 199, 48 L. Ed. ——. In Morse on Banks and Banking, § 298, it is said:

"The original and every subsequent deposit by the customer is in strict legal effect a loan by the customer to the bank, and e converso every payment by the bank to or on account of the customer is a repayment of the loans pro tanto."

Notice an interesting case in the Court of Exchequer (1847) Pott v. Clegg, 16 Meeson & Welsby, 327, in which the precise matter in hand was decided. It was there held that money deposited with a banker is money lent, and its recovery is barred by the statute of limi- tation applying to money lent. Other authorities could be cited show- ing that under the law of New York bank deposits are loans, but the matter seems so clear that I deem it unnecessary to make further cita- tions.

The law of New York is the same as that of Louisiana on the point that prescription does not begin to run until demand is made for the payment of the deposit. Morse on Banks and Banking (3d Ed.) § 322; Brown v. Pike et al., 34 La. Ann. 577. Suspension of payment and discontinuance of banking operations by the bank waive demand by the depositor, and the statute of limitations begins to run from the suspension. Morse on Banks and Banking (3d Ed.) § 322, p. 548. The deposits being "money lent" under the law of New York (what- ever else they might be held to be under a Louisiana contract), the action for their recovery is barred, under the law of Louisiana (see C. C. A., 7th Circuit, in Hutchings v. Lamson, 96 Fed. 720, 37 C. C.

A. 564; Am. & Eng. Ency. of Law [2d Ed.] verbis "Private International Law," vol. 22, p. 1385, and cases there cited), because more than three years elapsed between the partial payment by the assignee on February 27, 1897, and the partial payment by the defendant on March 12, 1900, and possibly also because of the time which elapsed between the suspension of the bank and the partial payment of February 27, 1897.

There is nothing to show a renunciation of the acquired prescription. See Succession of Slaughter, 108 La. Ann. 492, 32 South. 379, 58 L. R. A. 408. Therefore the plea of prescription must be sustained, and the petition dismissed.